UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PAULINE PIPITONE, as the Administrator of the Estate of NICHOLAS GUIDO, Deceased, and PAULINE PIPITONE, Individually,

            Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, STEPHEN CARACAPPA, (A retired member of the New York City Police Department) and LOUIS EPPOLITO (A retired member of the New York City Police Department),

            Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY AND NYPD**

06-CV-145 (DGT)(JMA)

JURY TRIAL DEMANDED

    Defendants City of New York and New York Police Department ("NYPD") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

    2. Deny the allegations set forth in paragraph "2" of the Complaint, except deny knowledge of information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff and her decedent's citizenship, admit that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York, admit that the City of New York maintains a police department and admit that Stephen Caracappa and Louis Eppoloto were employed by the City of New York.

    3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

5. Paragraph "5" of the Complaint sets forth a demand for a jury trial rather than an averment of fact, therefore which no response is required

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

7. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York maintains a police department and admit that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York.

9. Deny the allegations in paragraph "9" of the Complaint except admit that the defendants Caracappa and Eppolito were employed by the City of New York, deny knowledge of information sufficient to form a belief as to the truth of the allegations pertaining to the location of the residences of the defendants Caracappa and Eppolito and state that the allegations pertaining to whether defendants Caracappa and Eppolito were acting as police officers and detectives in the scope of their employment for defendants City of New York and New York City Police Department constitutes conclusions of law rather than averments of fact and accordingly, no response is required.

10. Paragraph "10" of the Complaint contains conclusions of law rather than averments of fact to which no response is required.

11. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that defendants Caracappa and Eppolito were employed by the City of New York.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint contains conclusions of law rather than averments of fact to which no response is required.

22. Paragraph "22" of the Complaint contains conclusions of law rather than averments of fact to which no response is required.

23. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Admit the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that the City of New York and the New York City Police Department maintain a system of review of police conduct through its department, including the Internal Affairs Bureau and the Civilian Complaint Review Board.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendants City and NYPD repeat and reallege the responses set forth in paragraphs "1-39" inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, including subparts (A)-(D).

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendant City and NYPD repeat and reallege the responses set forth in paragraphs "1-47" inclusive of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants City and NYPD repeat and reallege the responses set forth in paragraphs "1-51" inclusive of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, defendants City and NYPD repeat and reallege the responses set forth in paragraphs "1-57" inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants City and NYPD repeat and reallege the responses set forth in paragraphs "1-62" inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

68. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. Punitive damages cannot be assessed against the City of New York or the New York Police Department.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73. At all time relevant to the acts alleged in the complaint, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75. Plaintiffs may have failed to comply with the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

76. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## **AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

77.     Defendant NYPD is a non-suable entity.

WHEREFORE, defendants City of New York and NYPD request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            April 7, 2006

>                                         MICHAEL A. CARDOZO
>                                         Corporation Counsel of the
>                                           City of New York
>                                         Attorneys for Defendants City and NYPD
>                                         100 Church Street, Room 3-209
>                                         New York, New York 10007
>                                         (212) 676-1347
>
>
>                                         _____/s/_____
>                                         By: Seth D. Eichenholtz (SE3349)
>                                             Brooke Birnbaum (BB8338)
>                                             Assistants Corporation Counsel

TO:     Mr. Mark A. Longo, Esq. (Via ECF)

Index No. 06-CV-145 (DGT)(JMA)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULINE PIPITONE, as the Administrator of the Estate of NICHOLAS GUIDO, Deceased, and PAULINE PIPITONE, Individually,

                Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, STEPHEN CARACAPPA, (A retired member of the New York City Police Department) and LOUIS EPPOLITO (A retired member of the New York City Police Department),

                Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
 *Attorney for Defendants City of New York and*
 *New York Police Department*
 *100 Church Street*
 *New York, New York 10007*

 *Of Counsel: Brooke Birnbaum/Seth D. Eichenholtz*
 *Tel: (212) 676-1347*
 *NYCLIS No.*

*Due and timely service is hereby Admitted.*

*New York, N.Y........................................................................................, 200...*

*................................................................................................................. Esq.*

*Attorney for.............................................................................................*