AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

PAULINE PIPITONE, as the
Administrator of the Estate of
NICHOLAS GUIDO, Deceased and
PAULINE PIPITONE, Individually,
    V.
THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA,
(A retired member of the New York
City Police Department) and LOUIS
EPPOLITO (A retired member of the
New York City Police Department).

SUMMONS IN A CIVIL ACTION

'06 145

CASE NUMBER: TRAGER, J.

AZRACK, J.

TO: (Name and address of Defendant)

THE CITY OF NEW YORK
100 Church Street
New York, N.Y. 10007

NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza
New York, N.Y. 10007

STEPHEN CARACAPPA
58 Allen Court
Staten Island, N.Y.
10301

LOUIS EPPOLITO
63 Phipps Lane
Plainview, N.Y. 11803

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LONGO & D'APICE, ESQS.
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

JAN 12 2006

CLERK                                                                DATE

(By) DEPUTY CLERK

▶06 145

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,
                Plaintiffs

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and LOUIS EPPOLITO (A retired
member of the New York City Police Department),
                Defendants
------------------------------------------------------------X

**COMPLAINT**
Trial By Jury Demanded
On All Issues.

TRAGER, J.

AZRACK, J.

The plaintiffs by their attorneys, LONGO & D'APICE, ESQS., do state and say for their Complaint, as follows:

## JURISDICTION

1.     The jurisdiction of this Court is invoked by Plaintiff pursuant to Title 28 of The United States Code, Sections 1331, 1343(3) & (4) and 1367 and Title 42 of The United States Code, Sections 1983 and 1985.

2.     The plaintiff and her decedent are and were citizens of New York. Defendant The City of New York is, and at all times mentioned was, a municipal corporation existing by virtue of the laws of the State of New York. Defendant New York City Police Department is a sub-division of defendant The City of New York. Defendants Stephen Caracappa and Louis Eppolito were at all times material hereto member of The New York City Police Department holding the rank of

Detective. The matter in controversy exceeds the sum of $75,000.00 exclusive of costs and interest.

3. The plaintiff also invokes supplemental jurisdiction of this Court over her State claims against defendants for common law violations pursuant to 28 U.S.C. 1367 as the common law claims form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. 1391 as the cause of action occurred in this District.

## JURY DEMAND

5. Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to The United States Constitution and Fed. R. Civ. P. 38.

## NATURE OF PROCEEDINGS

6. This is a proceeding for compensatory and punitive damages owing to the plaintiff and her decedent as a result of violations of Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of The United States and under Federal Law, particularly Title 42 of The United States Code, Section 1983, Title 18 of The United States Code, Section 1965(a), Title 18 of The United States Code, Section 1962 and Title 28 of The United States Code, Section 1367(a).

## PARTIES

7. At all times mentioned herein the plaintiff, Pauline Pipitone, and the decedent, Nicholas Guido, were residents of the County of Kings (Brooklyn), City and State of New York.

8. Defendant The City of New York operates and governs The New York City Police Department pursuant to the laws of The State of New York. Defendants

City of New York and New York City Police Department are responsible *inter alia* for the management, administration, conduct and supervision of all personnel employed by the New York City Police Department to protect the safety of the public and the property of the public.

9. Defendants Caracappa and Eppolito were acting as police officers and detectives in the scope of their employment for Defendants The City of New York and New York City Police Department. It is believed that they presently reside in the State of Nevada. Louis Eppolito was employed by The New York City Police Department from August 1, 1969 to February 18, 1990. Stephen Caracappa was employed by The New York City Police Department from June 30, 1969 to November 4, 1992.

10. At all times pertinent hereto the defendants acted under the color of law, of a statute, ordinance, regulation, custom or usage.

## BACKGROUND

11. The decedent, Nicholas Guido was born on February 2, 1960 and raised in Brooklyn, New York by his family, including the plaintiff Pauline Pipitone, who is his mother and the Administrator of his Estate. He had no affiliations or contacts with criminal elements.

12. On Christmas Day, December 25, 1986 Nicholas Guido and a male family member left the table of a Holiday dinner to examine Mr. Guido's new car.

13. While Nicholas Guido and the male family member were seated inside the car they were approached by assailants who discharged firearms into the vehicle.

14. Nicholas Guido was mortally wounded when he was struck by at least ten (10)

bullets during the attack.

15. Analysis of entry wounds by the Medical Examiner's Office revealed that at least two bullets struck Nicholas Guido in the front of his chest. As such Nicholas Guido saw his assailants and was put through the emotional torment of anticipating his death at the hands of his executioners.

16. Based upon the manner of the attack investigating members of The New York City Police Department were led to believe that the murder of Nicholas Guido had the earmarks of being related to Organized Crime.

17. It was eventually determined by The New York City Police and the Federal Bureau of Investigation that Nicholas Guido was murdered as a result of mistaken identity.

18. Specifically, defendants Caracappa and Eppolito, at that time employed as New York City Police Department Detectives, were requested by Organized Crime elements to provide information concerning the whereabouts of an Organized Crime associate bearing the same name as the decedent.

19. Defendants Caracappa and Eppolito complied with the request of their Organized Crime patron by utilizing facilities, data bases and confidential materials made available to them solely due to their status as police officers and used by defendants Caracappa and Eppolito in their capacity as detectives employed by defendants The City of New York and New York City Police Department.

20. Defendants Caracappa and Eppolito mistook the decedent for the for the similar named organized Crime associate. They provided the misinformation to their Organized Crime patrons resulting in the murder of the decedent.

21. Defendants Caracappa and Eppolito acted within the course of their employment in and in the capacity of their authority as New York City Police Officers in all of their actions in discerning information which they provided to their Organized Crime patrons.

22. Defendants Caracappa and Eppolito acted with the express and tacit consent, knowledge and authorization of defendants The City of New York and New York City Police Department in utilizing research facilities and data bases maintained and controlled by defendants The City of New York and New York City Police Department as they set into motion the mechanism which led to the murder of Nicholas Guido.

23. Upon information and belief defendant Louis Eppolito, in his application for employment with The New York City Police Department, failed to disclose the fact that members of his immediate family were also members of an Organized Crime "family". A fact verified by defendant Eppolito in a book he authored in 1992 entitled **"Mafia Cop"**.

24. Defendants The City of New York and New York City Police Department did become aware of defendant Eppolito's connections to Organized Crime. Nonetheless he was permitted to retain his position with The New York City Police Department, was given access to confidential information regarding Organized Crime investigations and was rewarded with periodic promotions.

25. Upon information and belief, in 1984 defendant Louis Eppolito was suspended by the New York City Police Department after being accused by The Federal Bureau of Investigation of passing sensitive Organized Crime intelligence files to one

Rosario Gambino. Despite his suspension defendant Eppolito continued to receive the benefit of access to confidential information concerning Organized Crime.

26. On or about September 6, 1986 a confidential computer print out was found in the automobile owned by one Anthony Casso, an alleged member of an Organized Crime "family". The said print out identified by license plate number unmarked surveillance vehicles used by The New York City Police Department.

27. Upon information and belief, despite the above cited notice that confidential information systems had been breached or compromised, no steps were taken thereafter by defendants The City of New York or The New York City Police Department to secure or limit access to data bases maintained and controlled by the above named defendants or to supervise the use of said data bases. In fact, upon information and belief virtually no system of security or monitoring was in effect to prevent the misuse and abuse of information systems maintained by The New York City Police Department.

28. Between September 14, 1986 and December 25, 1986, both dates being approximate and inclusive, defendants Louis Eppolito and Stephen Caracappa, within the Eastern District of New York and elsewhere, together with others, did conspire to commit the murder of Nicholas Guido and did commit the murder of Nicholas Guido.

29. On or about March 10, 2005 The Office of The United States Attorney made public the indictments of defendants Louis Eppolito and Stephen Caracappa on a variety of charges including conspiracy to commit murder and the murder of Nicholas Guido.

30. Upon information and belief the indictments were incremented, in part, as the result of testimony from one Anthony Casso that in exchange for financial reward and gain defendants Louis Eppolito and Stephen Caracappa provided members of Organized Crime with sensitive and confidential information in the control of The New York City Police Department and available to the said defendants exclusively through their positions of authority within the New York City Police Department.

31. That defendants Louis Eppolito and Stephen Caracappa received financial reward and gain in exchange for the information that led to the murder of Nicholas Guido

32. That from December 25, 1986 until the public announcement of the Federal Indictments of Louis Eppolito and Stephen Caracappa, plaintiff Pauline Pipitone, the mother of Nicholas Guido and the Administrator of the Estate of Nicholas Guido had no knowledge or reason to know that involvement of the defendants herein in the death of her son.

33. That prior to December 25, 1986 and thereafter until the publication of the Federal Indictments of defendants Eppolito and Caracappa, despite knowledge based upon prior acts and suspicions, defendants The City of New York and The New York City Police Department failed to sufficiently investigate, monitor or supervise defendants Eppolito and Caracappa nor did the said defendants take steps or actions to alter or minimize the security clearance of defendants Eppolito and Caracappa.

34. The defendants have acted with malice and with willful indifference toward the plaintiff and decedent and with deliberate disregard for the statutory and constitutional rights of the plaintiff and her decedent.

35. The defendants actions constitute an unreasonable and excessive deprivation of the life of the plaintiff's decedent without due process of law.

36. Upon information and belief, at all times pertinent hereto, defendants The City of New York and New York City Police Department a pattern and practice of unlawful activity by the defendants Eppolito and Caracappa

37. Upon information and belief defendants The City of New York and New York City Police Department maintained a system of review of police conduct through its departments, including Internal Affairs, which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable, excessive and unlawful conduct and denial of Constitutional rights by its' police officers.

38. The acts, omissions, systematic flaws, policies and customs of defendants The City of New York and New York City Police Department caused defendants Eppolito and Caracappa to believe that their unlawful enterprise and cooperation with elements of Organized crime would not be honestly, aggressively and properly investigated, with the foreseeable result that the unlawful acts of defendants Eppolito and Caracappa would result in the death of the plaintiff's decedent and others.

39. As a direct and proximate cause of the acts and omissions of the defendant Nicholas Guido's was deprived of his civil rights and was unconstitutionally deprived of his life. Plaintiff Pauline Pipitone has been wrongfully denied the company, services, comfort and companionship of her son, has become physically and mentally sick and has been forced to suffer the mental cruelty associated with the loss of her son.

## COUNT 1: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C.1983

40. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 39.

41. Defendants Louis Eppolito and Stephen Caracappa, by their foregoing acts intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of The State of New York to deprive the decedent Nicholas Guido and plaintiff Pauline Pipitone of their rights, privileges and immunities secured to them by The Constitutions and laws of The United States of America and The State of New York.

42. The defendants conduct violated the decedent Nicholas Guido and plaintiff Pauline Pipitone's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

43. The foregoing violations of the decedent Nicholas Guido and plaintiff Pauline Pipitone's Constitutional rights were further directly and proximately caused by conduct, chargeable to defendants The City of New York and new York City Police Department amounting to deliberate indifference to the Constitutional rights of the plaintiff and her decedent, including:

   A) The institution and implementation of grossly and recklessly or deliberately inadequate policies, procedures and regulations of its Police Department respecting the safeguarding of the Constitutional rights of the public and the proper and competent conduct of criminal investigations.

   B) The failure to properly and sufficiently conduct character investigations of

prospective police officers.

    C)     The failure to take such necessary and proper action against the individual defendant police officers prior to their conduct against the decedent, notwithstanding, upon information and belief, these defendants having actual knowledge concerning prior misconduct and illegal conduct by the individual police officers.

    D)     The failure to have, maintain and enforce sufficient procedures, policies or practices to ensure the security and confidentiality of information systems and data bases maintained by the defendants for the exclusive use of their employees and thereby placing the public in general and specifically the plaintiff and her decedent at risk of harm and if fact causing harm and injury to them.

44. The deficiencies set forth in paragraph "40" were collectively and each such deficiency was individually, a substantial factor in bringing about the aforesaid death of Nicholas Guido and the violations of the Constitutional rights of Nicholas Guido and Pauline Pipitone.

45. Defendants The City of New York and New York City Police Department at all times relevant hereto had final discretionary authority to promulgate and implement procedures and policies, including policies and procedures as to the screening of police candidates, the supervision and discipline of police officers and security measures for information systems and data bases, with respect to the performance of duties of police officers and the abuse and use of data for illegal purposes by police officers. The said defendants owed the plaintiff, her decedent

and the public a duty, breached in this case, to avoid deliberate indifference to the Constitutional rights of the public.

46. The foregoing violations of the Constitutional rights of the plaintiff and her decedent were undertaken under color of law, statutes, and regulations of the State of New York

47. As a result of the foregoing conduct by the defendants the plaintiff Pauline Pipitone, individually and as the Administrator of the Estate of Nicholas Guido, deceased, has been damaged in an amount to be determined by this Court but in no event less that TWENTY- FIVE MILLION DOLLARS.

## COUNT 2: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C.1 1983

48. The plaintiff repeats and re-alleges each and every allegation in paragraph "1" to "39" and "40" to "47" with the same force and effect as if herein more fully set forth.

49. At all relevant times defendants Eppolito and Caracappa injured the plaintiff and her decedent with malice and depraved indifference to the life of the plaintiff's decedent, Nicholas Guido.

50. The foregoing violations of the Constitutional rights of the plaintiff and her decedent were undertaken by defendants Eppolito and Caracappa through means and methods made available to them solely through their capacity as police officers employed by defendants The City of New York and New York City Police Department under color of law, statutes and regulations of The State of New York

51. As a result of the foregoing conduct by the defendants herein the plaintiff Pauline

Pipitone, individually and as the Administrator of the Estate of Nicholas Guido, deceased, has been damaged in an amount to be determined by this Court, but in no event less that TWENTY FIVE MILLION DOLLARS.

57. That pursuant to 18 U.S.C. 1964(c) the plaintiff is entitled to seek and demand treble damages with respect to this cause of action, including, but not limited to the cost of the litigation as well as reasonable attorneys' fees.

**COUNT 4 : WRONGFUL DEATH and NEGLIGENT INJURY**

58. The plaintiff repeats and re-alleges each and every allegation in paragraph "1" to "39", "40" to "47", "48" to "51" and "52" to "57" with the same force and effect as if herein more fully set forth.

59. That between September 14, 1986 and December 25, 1986 the defendants Stephen Caracappa and Louis Eppolito acted recklessly, intentionally and with depraved indifference leading to the death by violence of the plaintiff's decedent.

60. On December 25, 1986 defendants Caracappa and Eppolito, with other did bring about and in fact commit battery, assault and murder upon the plaintiff's decedent, Nicholas Guido.

61. The based upon the report of the Medical Examiner the decedent, Nicholas Guido, suffered at least two bullet wounds to the front of his chest. The decedent therefore saw his assailants prior to the attack on his life and person. The decedent thus was subjected to the additional mental torture of anticipation of his death.

62. As a result of the foregoing conduct by the defendants herein the plaintiff, Pauline Pipitone, individually and as the Administrator of the Estate of Nicholas Guido, deceased, has been damaged in a amount to be determined by the Court, but in no

Pipitone individually and as the Administrator of the Estate of Nicholas Guido, deceased has been damaged in an amount to be determined by this Court, but in no event less than TWENTY-FIVE MILLION DOLLARS.

## COUNT 3. CONSPIRACY UNDER 42 U.S.C. 1985 and RACKETEERING ACTIVITY UNDER 18 U.S.C. 1961, 1962 and 1964.

52. The repeats and re-alleges each and every allegation in paragraph "1" to "39", "40" to "47" and "48" to "51" with the same force and effect as if herein more fully set forth.

53. That at all relevant times defendants Stephen Caracappa and Louis Eppolito together with unnamed individuals conspired to bring about the death by violence of plaintiff's decedent.

54. As a part of the conspiracy the defendants gathered and supplied their co-conspirators with information concerning the plaintiff's decedent. The said information was obtained through means made available to the defendants in the course of their employment with defendant The City of New York.

55. The actions of the defendants in the furtherance of their conspiracy with unnamed conspirators directly led to the death by murder of the plaintiff's decedent.

56. That by so engaging in the above stated conspiracy the defendants engaged in "Enterprise" and "Racketeering Activity" as defined by 18 U.S.C. 1961 in that they associated in fact for the purpose of an illegal activity and did, in fact, cause the violent death by murder of the plaintiff's decedent.

57. As a result of the foregoing conduct by the defendants herein the plaintiff Pauline

event less than TWENTY FIVE MILLION DOLLARS.

## COUNT 5. WRONGFUL DEATH AND NEGLIGENT INJURY

63. The plaintiff repeats and re-alleges each and every allegation in paragraphs "1" to "39", "40" to "47", "48" to "51", "52" to "57" and "58" to "62".

64. The defendants The City of New York and New York City Police Department are directly responsible and liable for the acts of defendants Stephen Caracappa and Louis Eppolito because they knowingly and negligently failed to enforce the laws of The State of New York and the regulations of The New York City Police Department pertaining to the use of confidential data bases controlled and maintained by the defendants the City of New York and The New York City Police Department for the exclusive use of their personnel in the furtherance of their duties of law enforcement and crime prevention.

65. That the said failure on the part of the above named defendants led to an atmosphere of tacit approval for the misuse and abuse of the information gathering systems and data bases under the control of the defendants.

66. That the above abuses were condoned by the defendants and that the defendants were aware or should have been aware of the misuses and the conduct of the defendants Eppolito and Caracappa which led to the death of the plaintiff's decedent.

67. As a result of the foregoing conduct by the defendants the plaintiff Pauline Pipitone, individually and as the Administrator of the Estate of Nicholas Guido, deceased has been damaged in an amount to be determined by the Court but in any event no less than TWENTY FIVE MILLION DOLLARS.

WHEREFORE the plaintiff prays for Judgment against the defendants, and each of them, as follows:

1. COUNT 1: $25,000,000.00

2. COUNT 2: $25,000,000.00

3. COUNT 3: $25,000,000.00

4. COUNT 4: $25,000,000.00

5. COUNT 5: $25,000,000.00

6. Punitive damages in the amount of $25,000,000.00

7. Where applicable the plaintiff further seeks treble damages with respect to any award of damages.

8. The plaintiff respectfully seeks reasonable costs and expenses of this action, including but not limited to reasonable attorneys fees.

9. Such other relief as be just.

Dated: Brooklyn, New York
January 11, 2006

LONGO & D'APICE, ESQS.

By: /s/ Mark A. Longo
MARK A. LONGO, ESQ.
Attorney for Plaintiff
26 Court Street – Suite 1700
Brooklyn, New York 11242
(718) 855-5684