FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 2 2008 ★

BROOKLYN OFFICE

D + F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PAULINE PIPITONE, as the Administrator of the Estate of NICHOLAS GUIDO, Deceased, and PAULINE PIPITONE, Individually,

           Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, STEPHEN CARACAPPA (A retired member of the New York City Police Department) and LOUIS EPPOLITO (A retired member of the New York City Police Department),

           Defendants
------------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER FOR ATTORNEYS' EYES ONLY DOCUMENTS**

06-CV-145 (DGT) (JMA)

FRANCIS BISHOP, as Administratrix of the Estate of JAMES BISHOP, deceased and FRANCES BISHOP, individually,

           Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER STEPHEN CARACAPPA, and POLICE OFFICER LOUIS EPPOLITO,

           Defendants.
------------------------------------------------------------X

06-CV-2843 (DGT)(JMA)

------------------------------------------------------------------- x

| | |
|---|---|
| SUSAN BORRIELLO, as Administratrix of the Estate of BARTHOLOMEW BORRIELLO and SUSAN BORRIELLO, individually, | 06-CV-2954 (DGT)(JMA) |
| Plaintiffs, | |
| -against- | |
| THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, STEPHEN CARACAPPA (A retired member of the New York City Police Department) and LOUIS EPPOLITO (A retired member of the New York City Police Department), | |
| Defendants. | |

------------------------------------------------------------------- x

| | |
|---|---|
| MARY ANN DI LAPI and SALVADOR DI LAPI, as Proposed Administrators of the Estate of ANTHONY DI LAPI, Deceased, and MARY ANN DI LAPI and SALVADOR DI LAPI Individually, | 06-CV-3101 (DGT)(JMA) |
| Plaintiffs, | |
| -against- | |
| THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, STEPHEN CARACAPPA, and LOUIS EPPOLITO, | |
| Defendants. | |

------------------------------------------------------------------- X

------------------------------------------------------------------- x

RACHEL LEAH GREENWALD, as Administrator of
the Estate of ISRAEL GREENWALD, Deceased, and
RACHEL LEAH GREENWALD, MICHAL
GREENWALD, and YAEL GREENWALD,   06-CV-2864 (DGT)(JMA)

                              Plaintiffs,

              -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, STEPHEN
CARACAPPA, and LOUIS EPPOLITO,

                          Defendants.

------------------------------------------------------------------- x

ANNA LINO, AS ADMINISTRATOR OF THE
ESTATE OF EDWARD LINO,

                          Plaintiffs,   06-CV-3591 (DGT)(JMA)

             -against-

THE CITY OF NEW YORK, STEPHEN
CARACAPPA, and LOUIS EPPOLITO,

                          Defendants.

-------------------------------------------------------------------------x

------------------------------------------------------------------ x

TINA MORRIS, as the Administratrix of the Estate of
JOHN OTTO HEIDEL, Deceased, and TINA            07-CV-2189 (DGT)(JMA)
MORRIS, Individually,

            Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, STEPHEN
CARACAPPA, and LOUIS EPPOLITO,

            Defendants.

------------------------------------------------------------------ x

    **WHEREAS**, plaintiffs have requested that defendants City of New York and the New York City Police Department (hereinafter the "City defendants") provide information and disclose documents that the City defendants have received from the United States Attorney's Office, Eastern District of New York, related to the criminal prosecution of defendants Caracappa and Eppolito; and

    **WHEREAS,** the City defendants deem some of these documents to be of a confidential and sensitive nature and to implicate the privacy interests of persons who are non-parties to this action; and

    **WHEREAS**, the City defendants deem that production of such information should be for **ATTORNEYS' EYES ONLY** and should be disseminated only to plaintiffs' counsel and members of the staff of their law offices; and

    **WHEREAS**, the City defendants object to the production of these documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiffs and the City defendants as follows:

1. As used herein, "Confidential Materials – Attorneys' Eyes Only" shall mean the shall mean the information contained in the documents the City defendants have received from the United States Attorney's Office, Eastern District of New York, related to the criminal prosecution of defendants Caracappa and Eppolito, that contains personal and confidential information about non-parties, except that such documents and information shall not be deemed "Confidential Materials – Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiffs from sources other than defendant, or (b) are otherwise publicly available.

2. The City defendants shall designate in good faith particular documents "Confidential Materials – Attorneys' Eyes Only" by labeling such documents "Confidential Materials – Attorneys' Eyes Only" and/or by designating such documents by Bates Number in writing directed to plaintiffs' counsel. The City defendants reserve the right to designate any documents "Confidential Materials – Attorneys' Eyes Only" pursuant to this agreement if necessary after production of such documents to plaintiffs. If plaintiffs object to the designation of particular documents as "Confidential Materials – Attorneys' Eyes Only" plaintiffs shall state such objection in writing to the City defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the City defendants shall, within fifteen (15) days of receiving plaintiffs' objections, move for an order approving such designation.

3. Plaintiffs' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the cases entitled Pipitone, et al. v. City

of New York, et al., 06-CV-145 (DGT)(JMA); Bishop, et al. v. City of New York, et al., 06-CV-2843 (DGT)(JMA); Greenwald, et al. v. City of New York, et al., 06-CV-2864 (DGT)(JMA); Borriello, et al. v. City of New York, et al., 06-CV-2954 (DGT)(JMA); DiLapi, et al. v. City of New York, et al., 06-CV-3101 (DGT)(JMA); and Lino, et al. v. City of New York, et al., 06-CV-3591 (DGT)(JMA); Tina Morris, et al. v. City of New York, et al. 07-CV-2189 (DGT)(JMA) ("these actions.").

4. Plaintiffs' attorneys shall not disclose the "Confidential Materials – Attorneys' Eyes Only" to plaintiffs or to anyone else who is not a member of the staff of their law offices. In the event a conflict arises between the parties as to whether plaintiffs may disclose the information or documents to a potential deponent, plaintiffs agree not to do so until such time that the parties can obtain a ruling from the Court in this regard.

5. Where any document containing the "Confidential Materials – Attorneys' Eyes Only" is used or addressed in court submissions or produced at a trial on the merits in this matter, subject to due consideration of its admissibility to be made by the Court, the parties agree to use redacted copies of documents without further order of the Court.

6. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials – Attorneys' Eyes Only," including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived there from, shall, upon the City defendants' request, be returned to the defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the City defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit the City defendants' use of the Confidential Materials in any manner.

Received:
12/21/2007 09:26  2127525253    Case 1:06-cv-00145-SMG   Document 48   Filed 01/02/08   Page 7 of 8 PageID #: 266
                                                         Dec 21 2007 09:22am
                                                         MANHEIMER CHARNAS                    PAGE 02/02

Dec-19-07 04:43P NYC Law Dept                                                                  P.02
         Received:                                       Dec 19 2007 11:57am
   Dec-14-07 01:15P NYC Law Dept
                                                                                               P.02
        Dec. 10, 2007  5:13PM
                       NYC Law Dept
                                                            Dec 19 2007 4:17PM
                                                                                    No. 1644

8.  The parties reserve their rights to seek modification of this Protective Order by application to this Court for good cause shown at any time during the course of litigation.

Dated: New York, New York
       December 26, 2007

Mr. Mark Longo, Esq.
Law Offices of Mark A. Longo
26 Court Street – Suite 1700
Brooklyn, NY 11242
(718) 855-3834

By: _____
    MARK LONGO, Esq.
    Attorney for the [illegible] Plaintiffs

Mr. Andrew C. Laufer, Esq.
Law Offices of Andrew C. Laufer, PLLC
40 Exchange Place
Ste. 1705
New York, NY 10005
(212) 422-[illegible]

By: _____
    ANDREW LAUFER, Esq.
    Attorney for the [illegible] Plaintiffs

Mr. Saul [illegible], Esq.
[illegible] & Ram, P.C.
767 Third Avenue
26th Floor
New York, NY 10017
(212) 583-[illegible]

By: _____
    SAUL [illegible]
    Attorney for the [illegible] and Dilara Plaintiffs

Mr. Scott E. Charnas, Esq.
Manheimer & Charnas LLP
767 Third Avenue
17th Floor
New York, NY 10017

By: _____
    SCOTT CHARNAS, Esq.
    Attorney for the Idan Plaintiffs

Mr. Cody McCone, Esq.
O'Dwyer & Bernstein, LLP
52 Duane Street
New York, NY 10007
212-571-7100

By: _____
    CODY McCONE, Esq.
    Attorney for the [illegible] Plaintiffs

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for the City Defendants
100 Church Street, Room 3-143
New York, New York 10007
(212) 788-[illegible]

By: _____
    MICHAEL CHESTNOV
    Assistant Corporation Counsel

-7-

Barry E. Schulman, Esq.
Attorney for the Morris Plaintiffs
16 Court Street Suite 2901
Brooklyn, NY 11241
718-855-8855

By: /s/ Barry E. Schulman
BARRY E. SCHULMAN, Esq.
Attorneys for the Morris Plaintiffs

SO ORDERED:

s/Joan M. Azrack
The Honorable Joan M. Azrack
United States Magistrate Judge

December 28, 2007
Brooklyn, NY