## Michael H. Gold
Attorney at Law
386 Park Avenue South
13th Floor
New York, New York 10016
Tel  (212) 838-0699
Fax  (212) 838-0695

May 28, 2008

Hon. Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Pipitone, et al v. New York City, et al, 06-CV-145 (DGT)(JMA)*

Dear Magistrate Judge Azrack:

    I represent Burton Kaplan and I am writing in opposition to the motion to compel his non-immunized testimony at a deposition in the above-captioned matter. As the Court and counsel are aware, Mr. Kaplan testified pursuant to a plea and cooperation agreement at the federal criminal trial of the within defendants Caracappa and Ippolito. Under the specific protection afforded by the government, Mr. Kaplan admitted to his complicity, *inter alia*, in multiple homicides and assorted crimes stemming from his long time involvement with organized crime. The criminal conviction was vacated by Hon. Jack B. Weinstein and it is currently under appeal. Mr. Kaplan has not yet been sentenced federally and has no agreement or protection from state authorities. In February, 2008, I advised counsel that Mr. Kaplan would invoke his right against self-incrimination if called as a witness at the instant trial or deposition. Nevertheless, a motion to compel was filed herein.

    The reasons for the invocation of the privilege are manifest, whether counsel believes Mr. Kaplan has already exposed himself sufficiently for further prosecution or not. The simple fact remains that he has no protection from state prosecution and any repetition of his admissions to murder and other crimes would immediately and irreparably subject him to, at minimum, state homicide charges that carry a life sentence. Counsel's agreement to "merely" repeat the questions posed at the criminal trial about his complicity in murder do nothing but re-inforce the clear and actual danger of self-incrimination. Clearly, Mr. Kaplan has a "reasonable cause to apprehend danger" and he is not clearly mistaken in invoking the privilege. (*Ohio v. Mathew Reiner, 532 U.S. 17; 121 S.Ct. 1252; L.Ed.2d. 158; Hoffman v United States, 341 U.S 479; 71 S.Ct. 814*).

    Thank you for your consideration of this application.

Respectfully submitted,

/S/

Michael H. Gold

CC: Michaelangelo Matera