UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAULINE PIPITONE, individually and as the            CORRECTED ORDER
administrator of the estate of NICHOLAS GUIDO,

              Plaintiff,                          CV-06-0145 (DGT)(JMA)

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

              Defendants.
------------------------------------------------------------------------X
FRANCES BISHOP, individually and as administratrix
of the estate of JAMES BISHOP,

              Plaintiff,                          CV-06-2843 (DGT)(JMA)

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

              Defendants.
------------------------------------------------------------------------X
RACHEL LEAH GREENWALD, as administrator
of the estate of ISRAEL GREENWALD, MICHAL
GREENWALD and YAEL GREENWALD,

              Plaintiffs,                       CV-06-2864 (DGT)(JMA)

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

              Defendants.
------------------------------------------------------------------------X

---------------------------------------------------------------------X
SUSAN BORRIELLO, individually and as the
administratrix of the estate of BARTHOLOMEW
BORRIELLO,

                Plaintiff,                              CV-06-2954 (DGT)(JMA)

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

                Defendants.
---------------------------------------------------------------------X
MARY ANN DI LAPI and SALVATORE DI LAPI,
individually and as the administrators of the estate of
ANTHONY DI LAPI,

                Plaintiffs,                            CV-06-3101 (DGT)(JMA)

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

                Defendants.
---------------------------------------------------------------------X
ANNA LINO, as the administrator of the estate of
EDWARD LINO,

                Plaintiff,                              CV-06-3591 (DGT)(JMA)

    -against-

CITY OF NEW YORK, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

                Defendants.
---------------------------------------------------------------------X

---------------------------------------------------------------------X
TINA MORRIS, individually and as administratrix
of the estate of JOHN OTTO HEIDEL,

        Plaintiff,        CV-07-2189 (DGT)(JMA)

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

        Defendants.
---------------------------------------------------------------------X
KAREN FACCIOLO, as the administrator of the estate
of BRUNO FACCIOLO and ROSEANN LIPARI,

        Plaintiffs,        CV-09-1332 (DGT)(JMA)

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

        Defendants.
---------------------------------------------------------------------X

**AZRACK**, **United States Magistrate Judge:**

On August 20, 2009, counsel for plaintiffs and counsel for defendants City of New York and the New York City Police Department (collectively, the "City") appeared before the undersigned for a status conference. For the reasons outlined below, it is ORDERED that: (1) the City's motion for reconsideration is GRANTED; (2) plaintiffs shall renew motions for default judgment as to defendants Stephen Caracappa ("Caracappa") and Louis Eppolito ("Eppolito") (collectively, the "individual defendants") on or before September 18, 2009; (3) plaintiffs' motion to compel the deposition of Burton Kaplan ("Kaplan") is DENIED as moot; (4) plaintiffs' motion for a ruling that Kaplan's prior testimony qualifies as admissible evidence is DENIED without prejudice; (5) any remaining document discovery and all remaining

3

depositions shall be completed on or before December 31, 2009; and (6) the parties are directed to appear before the undersigned for a final pretrial conference on January 12, 2010 at 12:00 PM.

    A. <u>The City's Motion for Reconsideration</u>

By letter dated June 25, 2009, the City requested reconsideration of denial of leave to file a motion to dismiss the <u>Facciolo</u> complaint. (<u>See</u> Dkt. No. 10 in CV-09-1332.) At a status conference held on May 21, 2009, it was this Court's understanding that, on consent of all parties, motion practice—including the City's contemplated motion to dismiss the <u>Facciolo</u> plaintiffs on statute of limitations grounds—would be held in abeyance without prejudice to raising all potentially case-dispositive issues in the context of summary judgment motions. (<u>See</u> Dkt. No. 84 in lead case CV-06-0145.) However, the City now clarifies that its consent extended only to participation in limited discovery with the <u>Facciolo</u> plaintiffs prior to filing a motion to dismiss. (<u>See</u> Dkt. No. 10 at 2 in CV-09-1332.)

In short, the City defendants argue that the <u>Facciolo</u> case is barred by the three year statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983. (<u>Id.</u>) Specifically, the City defendants note that the criminal indictments of Caracappa and Eppolito were announced and publicized on March 10, 2005 and argue that, therefore, the statute of limitations expired on March 10, 2008—well before the filing of the <u>Facciolo</u> complaint on March 31, 2009. (<u>Id.</u>) The Court agrees that it is possible that the <u>Facciolo</u> action is potentially more vulnerable to a motion to dismiss than the related actions; therefore, the Court further agrees that the City should be permitted to seek leave to file its proposed motion. Accordingly, the City's June 25, 2009 application is GRANTED and the parties are directed to consult Judge Trager's Individuals Rules for guidance concerning dispositive motion practice.

B. Individual Defendants Caracappa and Eppolito

On March 30, 2007, Judge Trager denied motions for default judgments against Eppolito and Caracappa "with leave to renew if [Eppolito and Caracappa] do not answer the complaints within sixty days after all direct appeals are decided." (See Dkt. No. 36 in CV-06-0145.) The Supreme Court denied certiorari as to both petitioners on January 21, 2009. See United States v. Eppolito, 543 F.3d 25 (2d Cir. 2008) cert. denied, 129 S. Ct. 1027 (U.S. Jan. 21, 2009) (Nos. 08-7841 (Eppolito), 08-7842 (Caracappa)). Therefore, the time period within which to file responses to the various complaints has apparently long passed. However, it appears that no plaintiff has yet renewed motions for default. Accordingly, plaintiffs shall renew these motions in accordance with Federal Rule of Civil Procedure 55, Local Rules 55.1 and 55.2, and Judge Trager's Individual Rules no later than September 18, 2009.

C. Plaintiffs' Motion to Compel

By motion dated March 12, 2009, counsel for plaintiff Anna Lino sought an Order compelling the deposition of Kaplan, or, in the alternative, a ruling that testimony given by Kaplan in the criminal trial of the individual defendants be deemed admissible in these proceedings because Kaplan is "unavailable" within the meaning of Fed. R. Evid. 804. (See Dkt. No. 81 in CV-06-145.) The City eventually joined in Lino's primary motion to compel, but opposed her alternative Rule 804 application. (See Dkt. No. 83 in CV-06-145.) Counsel for Kaplan objected to any deposition on grounds that questioning Kaplan in this case would violate his privilege against self-incrimination. (See Dkt. Nos. 65, 86 in CV-06-145.) However, at the May 21, 2009 conference, all parties, as well as counsel for Kaplan, agreed to draft and exchange proposed deposition outlines in an attempt to achieve a stipulation concerning the scope of Kaplan's testimony. However, on or about July 20, 2009, the Court was informed that Kaplan

had died earlier that month. Therefore, that portion of plaintiff's motion to compel is DENIED as moot.

In light of the above, the attorneys for plaintiffs Pipitone, Borriello, and Lino requested that the Court give renewed consideration to the alternative argument discussed above. (See Dkt. Nos. 89, 90.) Plaintiffs principally invoke the former testimony exception to the rule against hearsay, Fed. R. Evid. 804(b)(1),[1] and argue that Kaplan's prior testimony qualifies as statements against his penal interest under Fed. R. Evid. 804(3).[2] The City has not responded to plaintiffs' most recent submissions; however, in its original opposition brief, the City argued, inter alia, that it would be prejudiced if forced to make strategic trial decisions at this stage of the case; that because Kaplan testified pursuant to a cooperation agreement in order to obtain a reduced prison term his statements were not, in fact, against his penal interest; and that the City did not have any, let alone a meaningful, opportunity to cross-examine Kaplan during the criminal trial. (See Dkt. No. 83 at 10-11 in CV-06-145.)

The Court has considered the parties' submissions and concludes that this evidentiary issue is more appropriately decided by Judge Trager, who will ultimately decide any motions for summary judgment and preside over the trials of these cases.[3] As an initial matter, the Court is

---

[1] Fed. R. Evid. 804(b)(1) provides that "[f]ormer testimony . . . given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination" is "not excluded by the hearsay rule if the declarant is unavailable as a witness."

[2] Fed. R. Evid. 804(b)(3) defines a "statement against interest" as "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

[3] When ruling on a motion for summary judgment, courts need only consider evidence that would be admissible at trial. See Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).

6

concerned that a determination concerning the admissibility of Kaplan's testimony at this stage may affect the pretrial preparation and strategic approach of defendants, as well as each individual plaintiff, when it has yet to be determined whether or not these cases will be tried together or separately. For example, some portions of Kaplan's former testimony may be relevant and admissible as to some individual plaintiffs, but not as to others. Moreover, even in the event that Judge Trager rejects plaintiffs' former testimony argument, it may be possible that the residual exception[4] to the rule against hearsay will provide a discretionary means of presenting at least some portions of Kaplan's prior testimony. At bottom, this Court does not believe that a preliminary ruling concerning these issues is appropriate. Accordingly, plaintiffs' motion for a ruling that the testimony given by Kaplan in the prior criminal trial of the individual defendants is admissible is DENIED without prejudice to renewal at the summary judgment stage of this litigation or when these cases are ultimately tried.

D. Discovery Deadlines and Further Proceedings

Plaintiffs shall renew motions for default judgment against the individual defendants on or before September 18, 2009. Any remaining document discovery and all remaining depositions shall be completed on or before December 31, 2009. A final pretrial conference will be held before the undersigned on January 12, 2010 at 12:00 PM.

SO ORDERED.

Dated: August 25, 2009
      Brooklyn, New York         /s/ _____
                                          JOAN M. AZRACK
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] Fed. R. Evid. 807 provides, in pertinent part, that "[a] statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."