UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PAULINE PIPITONE, individually and as the
administrator of the estate of NICHOLAS GUIDO,

        Plaintiff,                                  **ORDER**
                                                                   06-CV-0145 (RJD) (JMA), et al.

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

        Defendants.
----------------------------------------------------------------------X

On July 14, 2011, I "SO ORDERED" plaintiffs' and defendant City of New York's joint motion for an order granting leave to depose incarcerated defendant Stephen Caracappa. Order of July 14, 2011. Mr. Caracappa subsequently wrote to the Court indicating that he is in the process of appealing his conviction under 28 U.S.C. § 2255, that his petition is due in November of 2011, and that he believed he should not be deposed until his habeas remedies are exhausted. At a July 28, 2011, telephone conference, I requested that the two sides submit letter briefs on this issue. Minute Entry of July 28, 2011.

Having reviewed the parties' respective submissions, I hereby ORDER that Mr. Caracappa appear for deposition in accordance with my July 14, 2011, Order. Judge Trager previously precluded Mr. Caracappa from participating in these consolidated civil actions until after "all direct appeals are decided." ECF Nos. 28, 90, Greenwald v. City of New York, et al., No. 06-CV-2864. All of Mr. Caracappa's direct appeals were decided as of November 29, 2010, when the United States Supreme Court denied certiorari to the Second Circuit Court of Appeals. Caracappa v. United States, 131 S. Ct. 675 (2010). Mr. Caracappa's pending § 2255 petition is a request for habeas corpus review, which is a collateral attack, not a direct appeal. See Bousley v.

1

United States, 523 U.S. 614, 621 (1998). Therefore, Mr. Caracappa is no longer entitled to a stay of the present civil litigations.

Mr. Caracappa should understand that being deposed will in no way interfere with his Fifth Amendment privilege against self-incrimination in the context of his criminal conviction because there is no danger that testimony he offers in these civil cases could lead to criminal liability beyond that for which he has already been sentenced. See McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) ("Because [defendant] had already been convicted and sentenced with respect to the crime of which he was asked to speak, he had no right to refuse to answer on the ground of self-incrimination.") (citing Mitchell v. United States, 526 U.S. 314, 325–26 (1999)). Simply stated, Mr. Caracappa's § 2255 petition for habeas will in no way be impacted by testifying at deposition in these civil actions.

SO ORDERED.

Dated: September 20, 2011
Brooklyn, New York

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE