UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAULINE PIPITONE, individually and as the
administrator of the estate of NICHOLAS GUIDO,

        Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, STEPHEN CARACAPPA and
LOUIS EPPOLITO,

        Defendants.
------------------------------------------------------------------X

**ORDER**
06-CV-0145 (RJD) (JMA), et al.

## I.  BACKGROUND

On September 20, 2011, I ordered defendant Stephen Caracappa to appear for deposition in accordance with my prior order of July 14, 2011.  ECF No. 126.  District Judge Trager had previously ordered that Mr. Caracappa be precluded from participating in these consolidated civil actions until after "all direct appeals are decided."  ECF Nos. 28, 90, Greenwald v. City of New York, et al., No. 06-CV-2864 (RJD).  All of Mr. Caracappa's direct criminal appeals were decided as of November 29, 2010, when the United States Supreme Court denied certiorari to the Second Circuit Court of Appeals.  Caracappa v. United States, 131 S. Ct. 675 (2010). Accordingly, because any petition for habeas corpus review filed by Mr. Caracappa would be a collateral challenge, not a direct appeal, see Bousley v. United States, 523 U.S. 614, 621 (1998), I held that he was no longer entitled to a stay of his participation in these civil actions.

Unknown to this Court, on September 30, 2011, District Judge Jack B. Weinstein ordered that a prior letter submitted by Mr. Caracappa be treated as a petition for a writ of habeas corpus. ECF No. 2, Caracappa v. United States of America, No. 11-CV-4921 (JBW).  On December 2, 2011, Judge Weinstein ordered that CJA counsel be appointed to represent Mr. Caracappa in his

habeas proceeding. Id. ECF No. 3. On December 5, 2011, attorney Zoe Jayde Dolan was appointed as Mr. Caracappa's habeas counsel. Id. ECF No. 4. On March 21, 2012, Ms. Dolan filed a formal first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Id. ECF No. 17.

On March 29, 2012, counsel for plaintiffs and defendant City of New York traveled to the Florida detention facility where Mr. Caracappa is currently serving his criminal sentence in order to conduct his deposition. Planning for this deposition dated back to the issuance of my order in September of 2011. Upon their arrival, Mr. Caracappa informed counsel that he refuses to testify at deposition on the basis of his Fifth Amendment privilege against self-incrimination, which he claims to retain in light of his petition for habeas corpus review of his criminal conviction. Mr. Caracappa also informed the parties for the first time that he has habeas counsel. Thereafter, the Court consulted with Ms. Dolan, who also argued that her client retains a Fifth Amendment privilege in light of his habeas request for a new criminal trial.[1] I ordered plaintiffs, the City of New York, and Ms. Dolan to submit letter-briefs regarding the question of Mr. Caracappa's continuing Fifth Amendment privilege.

## II. DISCUSSION

The Supreme Court and the Second Circuit have clearly established that where a defendant has "already been convicted and sentenced with respect to the crime of which he was asked to speak, he [has] no right to refuse to answer on the ground of self-incrimination." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) (citing Mitchell v. United States, 526 U.S. 314, 325–26 (1999)). It is less clear, however, whether a defendant retains a Fifth Amendment

---

[1] Although Ms. Dolan does not represent Mr. Caracappa in the instant civil actions, she makes arguments to the Court here in order to protect her client's interests in his habeas action, Carcappa v. United States of America, No. 11-CV-4921 (JBW).

privilege after all direct criminal appeals have been exhausted, but prior to exhaustion of all post-conviction or collateral challenges.

In light of this uncertainty in the law, all of the parties agree, for the purposes of this deposition, that Mr. Caracappa may assert a Fifth Amendment privilege in response to questions specifically concerning the facts of the crimes for which he could potentially be retried if his habeas petition is successful. What remains to be decided is the extent to which Mr. Caracappa should be made to testify at deposition as to factual matters that are unrelated to his criminal conviction. Plaintiffs seek to depose Mr. Caracappa as to: (1) his disciplinary history with the NYPD; (2) his duties and responsibilities while employed by the NYPD; (3) the circumstances of his hiring by the NYPD; and (4) his relationship on the job with defendant Louis Eppolito. Pls.' Ltr. at 2, ECF No. 124, Greenwald. The City of New York and Ms. Dolan contend that certain questions along these inquiries may implicate Mr. Caracappa's Fifth Amendment privilege. ECF Nos. 129, 130.

I find that Mr. Caracappa retains a Fifth Amendment privilege with respect to deposition questions that touch upon the factual basis of his prior criminal conviction. See Kastigar v. United States, 406 U.S. 441, 444–45 (1972) (The Fifth Amendment "can be asserted in any proceeding, civil or criminal . . . and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."). I further find that legal and logistical considerations weigh against taking any deposition of Mr. Caracappa prior to conclusion of his habeas proceedings. While there are surely some questions pertaining to plaintiffs' Monell claims to which Mr. Caracappa could show no "legitimate fear of prosecution" by answering, a second deposition would almost certainly be necessary once either his Fifth Amendment privilege expires or a new criminal trial

3

is granted at the conclusion of his habeas proceedings. United States v. Blumberg, 787 F. Supp. 67, 70 (S.D.N.Y. 1992). In the event that Mr. Caracappa's habeas petition results in a new trial, the factual issues decided in his criminal trial would necessarily lose their collateral estoppel effect in these actions, thereby necessitating a second deposition of much wider scope than plaintiffs seek now. What is more, the facts underlying plaintiffs' Monell claims are likely to be so intertwined with those of Mr. Caracappa's criminal conviction that very little of his prospective deposition testimony would not implicate his Fifth Amendment right. For instance, it is hard to imagine that testimony about Mr. Caracappa's relationship with co-defendant Louis Eppolito would not implicate the factual bases upon which the two have been jointly convicted. Thus, the value of what Mr. Caracappa could now be compelled to testify about is de minimis. Accordingly, I hereby order that Mr. Caracappa's deposition be stayed pending conclusion of his habeas proceedings.

SO ORDERED.

Dated: April 25, 2012
Brooklyn, New York

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE