LAW OFFICES OF

# *Longo & D' Apice*

MARK A. LONGO

ROSARIO MARQUIS D'APICE

STEVEN J. WEISSLER

ANTHONY DELUCA

26 COURT STREET / SUITE 1700

BROOKLYN, NEW YORK 11242

(718) 855-5684      (718) 722-7300

E-mail: **L-D@markalongo.com**

Fax No. (718) 802-9495

February 20, 2015

*Via Electronic Case Filing (ECF)*
Hon. Steven Gold
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Hon. Raymond J. Dearie
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Pipitone, as Administrator, etc. vs. The City of New York, et al.
       Case No. 06-CV-145 (RJD) (SMG)
       Our File No. N7783

Honorable Justices:

We are the attorneys for the plaintiff PAULINE GUIDO f/k/a PAULINE PIPITONE, as the Administrator of the Estate of NICHOLAS GUIDO and PAULINE PIPITONE, Individually, in the above captioned matter which was recently settled subject to court approval.

Pursuant to the Order and instructions of Magistrate Judge Gold, attached please find a Notice of Motion, Motion to Compromise Action, Attorney Affirmation, Proposed Compromise Order and Consent of Distributee, Michael Guido.

This is to further confirm Judge Gold's instruction to telephone his Chambers on the return

Hon. Steven Gold
Hon. Raymond J. Dearie
February 20, 2015
Page 2

Re:     Pipitone, as Administrator, etc. vs. The City of New York, et al.
        Case No. 06-CV-145 (RJD) (SMG)
        Our File No. N7783

date of March 13, 2015 at 11:30 a.m. with our client PAULINE GUIDO f/k/a PAULINE
PIPITONE also participating.

                                    Respectfully submitted,

                                    LONGO & D'APICE, ESQS.

                                    By: _____

                                            MARK A. LONGO, ESQ.

MAL:dj
Enc.

cc:     Zachary W. Carter, Esq.
        Corporation Counsel
        Attorneys for Defendants
        City of New York and New York City Police Department
        100 Church Street, Room 3-167
        New York, New York 10007
        Attention:   Matthew J. Modafferi, Esq.

        Michael Guido
        470  16th Street
        Brooklyn, New York 11218

        Internal Revenue Service
        Holtsville, New York 00501

        New York State Department of Taxation and Finance
        Estate Tax
        W.A. Harriman Campus
        Albany, New York 12227

        The City Of New York
        180 Water Street
        New York, New York 10038

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and LOUIS EPPOLITO (A retired
member of the New York City Police Department),

                              Defendants,
-----------------------------------------------------------------x

**Case No.: 06-CV-145
(RJD) (SMG)**

Presentment Date: February 20, 2015
Objection Date:   March 9, 2015

## <u>NOTICE OF MOTION</u>

     PLEASE TAKE NOTICE, that Plaintiff, PAULINE GUIDO f/k/a PAULINE PIPITONE,

as Administrator of the Estate of NICHOLAS GUIDO, deceased, by and through her attorneys,

LONGO & D'APICE, ESQS., will present for signature to the Honorable Raymond J. Dearie at

the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza

East, Brooklyn, New York 11201, on March 13, 2015 at 10:00 a.m., the annexed Order pursuant to

42 U.S.C. Section 1983, (a) compromising the within action; (b) fixing and approving attorney's

fees and disbursements pursuant to 42 U.S.C. Section 1988(b); and (c) approving the allocation

and distribution of the settlement proceeds and (d) granting such other and further relief as this

Court deems just and appropriate.

     **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the annexed Order

should be in writing and filed with the Clerk of the United States District Court for the Eastern

District of New York, and served upon MARK A. LONGO, ESQ., 26 Court Street, Brooklyn, New

York 11201, so as to actually be received no later than 5:00 p.m. on March 9, 2015.

     **PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed to the relief

requested, or if the Court determines that a hearing is appropriate, the Court will schedule a

hearing and Notice of such hearing will be provided by the applicant.

Dated:  Brooklyn, New York
       February 20, 2015

               LONGO & D'APICE, ESQS.

               By:_____

                 MARK A. LONGO, ESQ.
               Attorneys for Plaintiffs
               26 Court Street, Suite 1700
               Brooklyn, New York 11242
               (718) 855-5684

TO:    Zachary W. Carter, Esq.
      Corporation Counsel
      Attorneys for Defendants
      City of New York and New York City Police Department
      100 Church Street, Room 3-167
      New York, New York 10007
      Attention:  Matthew J. Modafferi, Esq.

      Michael Guido
      470  16th Street
      Brooklyn, New York 11218

      Internal Revenue Service
      Holtsville, New York 00501

      New York State Department of Taxation and Finance
      Estate Tax
      W.A. Harriman Campus
      Albany, New York 12227

      The City Of New York
      180 Water Street
      New York, New York 10038

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,

                  **Case No.: 06-CV-145 (Dearie J.)
                  (Gold, M.J.)**

                 Plaintiff,

      -against-
                           MOTION TO
                    COMPROMISE ACTION

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and LOUIS EPPOLITO (A retired
member of the New York City Police Department),

                 Defendants,

------------------------------------------------------------------x

TO:   THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:

It is respectfully alleged:

     1.    Plaintiff, PAULINE GUIDO, formerly known as PAULINE PIPITONE, is the

mother of the above-named decedent and presently resides at 76 Roberto Drive, Toms River, New

Jersey 08757.

     2.    The decedent, NICHOLAS GUIDO, died a resident of the State of New York,

County of Kings, on December 25, 1986, and had resided there with his mother, Pauline Pipitone

and his father Gabriel Guido.   A copy of his Death Certificate is annexed hereto as Exhibit "A".

     3.    On October 21, 2005, Limited Letters of Administration of the Goods, Chattels and

Credits which were of NICHOLAS GUIDO, deceased, were issued to Plaintiff by the Surrogate's

Court of Kings County, which letters were of limited authority and restrained your Administrator

3

from compromising or collecting upon claims without further Order of a Court of competent jurisdiction.   To date, said letters have not been revoked and are presently in full force and effect. No bond was required of your Administrator to cover any probable amount to be realized from said action.   A copy of Letters of Administration is annexed hereto as Exhibit "B".

4.      The decedent was 26 years of age at the time of his death, having been born on February 2, 1960.

5.      Plaintiff retained Longo & D'Apice, Esqs., to commence and action for her son's injuries and death and for violations of his federal civil rights.   Specifically, the decedent was deprived of his life without due process when he was executed by gunfire with the assistance of certain servants, agents and/or employees The New York City Police Department, resulting in his death on December 25, 1986.

6.      Plaintiff entered into a standard retainer fee agreement with Longo & D'Apice, Esqs., which provided that the attorneys shall retain 33 and 1/3% of any recovery, calculated after return of attorneys' disbursements.   A copy of our retainer agreement is annexed as Exhibit "C".

7.      An investigation was conducted into the decedent's death and the responsible parties therefor.   After the conditions precedent were met, this action was commenced by filing a Complaint on or about January 12, 2006, against Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, STEPHEN CARACAPPA (A retired member of the New York City Police Department) and LOUIS EPPOLITO (A retired member of the New York City Police Department), alleging, *inter alia*, deprivation of life without due process as the

4

proximate cause of NICHOLAS GUIDO's death. A copy of the Complaint is annexed hereto as Exhibit "D".

8.     After extensive litigation, the defendant THE CITY OF NEW YORK made a full and final settlement offer in the amount of $5,000,000.00, in full settlement of all claims and causes of action against The City of New York and New York City Police Department.

9.     Plaintiff believes that it is in the best interests of the estate of the decedent to accept the settlement so offered, and that this is the largest amount that can be obtained.

10.     In view of the results achieved, Plaintiff requests that the court approve the fees and disbursements of Longo & D'Apice, Esqs., pursuant to our agreement of retainer, as follows: That the attorney's disbursements in the sum of $16,460.10 first be deducted from the gross settlement of $5,000,000.00; that the balance of $4,983,539.90, a fee of $1,661,179.97 be allowed (33 1/3%), which together with disbursements of $16,460.10 would amount to total compensation of $1,677,640.07. An itemized list of the disbursements incurred in the prosecution of this matter is attached hereto and marked Exhibit "E".

11.     The following is the proposed contingency fee and disbursements which have been agreed to by the plaintiff, PAULINE PIPITONE, as Administrator of the Estate of NICHOLAS GUIDO, deceased.

| | |
|---|---|
| Settlement amount | $ 5,000,000.00 |
| Disbursements | $ 16,460.10 |
| | |
| Settlement amount after Deducting disbursements | $ 4,983,539.90 |
| | |
| Settlement amount subject to 33 1/3% contingent retainer | $ 4,983,539.90 |

5

| | | |
|---|---|---|
| Attorney fee (33 1/3%) | $ | 1,661,179.97 |
| Net settlement | $ | 3,322,359.93 |
| Less:   Liens | $ | 0.00 |
| Net Recovery available for distribution | $ | 3,322,359.93 |

## LIENS

12.     There are no debts of the decedent's estate.   There are no medical bills or hospital bills outstanding, and there are no assignments, compensation claims or liens or claims of any kind.   There is no lien or claim for worker's compensation.   Neither the decedent, nor any distributee, is indebted to any Federal, State, or City agency for public assistance or Medicaid. Upon information and belief neither the decedent, nor any distributee, is indebted to any Federal, State, or City agency for taxes.

## ALLOCATION OF SETTLEMENT PROCEEDS

13.     Acts causing the death of the decedent belong to the decedent's distributees, and are generally distributed in proportion to the pecuniary loss sustained by the survivors under the formula established in In re Kaiser's Estate, 198 Misc. 582, 100 N.Y.S.2d 218 (Sur. Ct. 1950), and is computed in accordance with the years of dependency, or the years of support or services each survivor could have looked forward to, but for the decedent's death.   Generally, such settlement is apportioned among the distributees on the basis of a fraction, the denominator of which is "the aggregate number of years of anticipated dependency" of all distributees entitled to share in the recovery and the numerator of which is "the respective years of anticipated dependency" of each such distributee, each distributee thus recovering his fractional share of the entire fund.

6

## KAISER FORMULA

14.     Plaintiff's decedent, Nicholas Guido, was never married, and he had no children, natural or adopted.   At the time of his death, decedent was 26 years of age, having been born on February 2, 1960 and having died on December 25, 1986, he and had a life expectancy of 53.86 years, based on the United States Social Security Administration Life Table, a copy of which is annexed as Exhibit "F".   The decedent, at the time of his death, was unmarried and had no children, and was survived by his mother Pauline Guido, and his father, Gabriel Guido.

15.     Pauline Guido was born on July 23, 1927, and had a life expectancy at the time of her son's death of 27.00 years, which is shorter than the decedent's life expectancy, therefore the shorter life expectancy must be used.

16.     Gabriel Guido was born on September 26, 1929, and had a life expectancy at the time of his son's death of 25.82 years, however, Gabriel Guido post-deceased the decedent on May 29, 1989.   A copy of his Death Certificate is annexed hereto as Exhibit "G".   Gabriel Guido actually survived only 2.42 years after his son's death, therefore, as the actual life of Gabriel Guido is determinable, his actual life must be used.   (In re Gary's Estate, 79 Misc. 2d 419, 358 N.Y.S.2d 488 (Sur. Ct. 1974)).

17.     The chart below sets forth the years of dependency of each distributee, and the percentage of their interest in the proposed settlement, computed in accordance with the formula adopted in *Matter of Kaiser (198 Misc. 582)*:

| Name | Age on Date of Decedent's Death | Anticipated Years of Dependency | Percentage of Net Amount of Settlement |
|---|---|---|---|

| Name | Age on Date of Decedent's Death | Anticipated Years of Dependency | Percentage of Net Amount of Settlement |
|------|------|------|------|
| Pauline Guido, mother<br>Date of Birth: 7/23/1927 | 59 | 27.00 | 91.77% |
| Gabriel Guido, father<br>Date of Birth:  9/26/1929<br>Date of Death:  5/28/1989 | 57 | 2.42 | 8.23% |
| Total Years of Support/Services | | 29.42 | 100% |

The distribution of the proceeds, after payment of attorneys' fees and disbursements, is as follows:

| | |
|---|---|
| Net Recovery available for distribution | $ 3,322,359.93 |
| To:  Pauline Guido, mother 91.77% | $ 3,048,929.71 |
| To:  Gabriel Guido, post-deceased father, 8.23% | $    273,430.22 |
| Total Distribution | $ 3,322,359.93 |

18.     The decedent's father, Gabriel Guido, died intestate on May 29, 1989.  Gabriel Guido was survived only by his spouse Pauline Guido (the within plaintiff) and his adult son, Michael Guido (the brother of plaintiff's decedent, Nicholas Guido), and there are no other distributees in the Estate of Gabriel Guido.   The portion of the settlement distributable to Gabriel Guido, in the amount of $273,430.22 is now distributable to the Estate of Gabriel Guido, or to the distributees of Gabriel Guido, to wit:   Pauline Guido and Michael Guido.

19.     Pursuant to NY EPTL 4.-1.1, the distribution of an intestate estate is as follows: The first $50,000.00, plus one-half to the spouse, and the remaining one-half to the issue, in equal shares.

20.     The sole distributees of Gabriel Guido, deceased, are Pauline Guido and Michael

8

Guido.  It is requested that the portion of the settlement distributable to Gabriel Guido, in the

amount of $273,430.22, be distributed pursuant to NY EPTL 4-1.1, as follows:

> To:  PAULINE GUIDO, spouse, as and for her
> Intestate share equal to the first $50,000.00,
> plus one-half of the remainder                                    $ 161,715.11
>
> To:  MICHAEL GUIDO, son as and for his
> Intestate share equal to one-half of the remainder     $ 111,715.11

21.     All of the above persons are of sound mind and full age and are citizens of the

United States.

22.     I am of the opinion that the settlement offer of $5,000,000.00 is adequate, and is fair

and reasonable, as against THE CITY OF NEW YORK and THE NEW YORK CITY POLICE

DEPARTMENT, and I respectfully request that the Court approve this settlement, my attorneys'

fees and disbursements and the requested distribution and allocation.

23.     I consent to discontinue my individual cause of action.


**INTERESTED PARTIES**

24.     The only persons interested in this proceeding entitled to notice thereof are the

following:

| Name | Relationship | Address |
|---|---|---|
| Pauline Guido f/k/a Pauline Pipitone | Plaintiff, Mother/distributee of Nicholas Guido; and, distributee (spouse) of post-deceased distributee Gabriel Guido | 76 Roberto Drive Toms River, New Jersey 08757 |
| Michael Guido | Distributee (son) of post-deceased distributee, | 470  16th Street, Brooklyn, New York 11218 |

9

| Name | Relationship | Address |
|------|--------------|---------|
| | Gabriel Guido | |
| New York State Department Of Taxation and Finance | Tax Department | Estate Tax W.A. Harriman Campus, Albany New York 12227 |
| Internal Revenue Service | Tax Department | Holtsville, New York 00501 |

All of the above persons are of sound mind and full age and are citizens of the United States.

25.    No previous application has been made for the relief sought herein.

**WHEREFORE**, your Plaintiff prays for an Order:

Authorizing and empowering the Plaintiff, as Administrator to compromise and settle a certain cause of action on behalf of NICHOLAS GUIDO, upon 42 U.S.C. Section 1983, against THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT by accepting the sum of $5,000,000.00 from THE CITY OF NEW YORK, and;

That all claims and causes of action be discontinued against THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, only, with prejudice and without interest, costs or disbursements; and

That upon payments as hereinbefore mentioned by THE CITY OF NEW YORK the Plaintiff, as Administrator of the goods, chattels and credits that were of NICHOLAS GUIDO, deceased, be authorized to execute and deliver full, final and complete releases in the claims against them arising out of the aforesaid causes of action together with any other papers necessary to effectuate said compromise; and

That attorney's disbursements in the sum of $16,460.10 be allowed to Longo & D'Apice, Esqs.; and

That attorneys' fees to Longo & D'Apice, Esqs., be allowed in amount of $1,661,179.97; and

That the balance of the settlement be distributed to the distributees of the Estate of Nicholas Guido entitled thereto; and

That THE CITY OF NEW YORK, pay the settlement sum of $5,000,000.00 in the following manner:

| | |
|---|---|
| To:  Longo & D'Apice, Esqs., as and for attorneys' disbursements: | $      16,460.10 |
| To:  Longo & D'Apice, Esqs., as and for attorneys' fees | $ 1,661,179.97 |
| To:  PAULINE GUIDO, mother, as and for her pecuniary loss equal to 91.77% | $ 3,048,929.71 |
| To:  PAULINE GUIDO, as and for her intestate share as distributee of Gabriel Guido, post-deceased father, equal to the first $50,000.00, plus one-half of the remainder pursuant to NY EPTL 4-1.1, of the pecuniary loss of Gabriel Guido equal to 8.23% | $   161,715.11 |
| To:  MICHAEL GUIDO, as and for his intestate share as distributee of Gabriel Guido, post-deceased father, equal to one-half of the remainder, pursuant to NY EPTL 4-1.1, of the pecuniary loss of Gabriel Guido equal to 8.23% | $   111,715.11 |

11

And, that the bond be dispensed with in this proceeding, and that the Court grant such

other and further relief as is deemed just and proper. as is deemed just and proper.

Dated: _____

February 20 , 2015

_Pauline Guido_

PAULINE GUIDO, Plaintiff
f/k/a Pauline Pipitone

12

STATE OF NEW YORK
COUNTY OF KINGS

ss.:

PAULINE GUIDO, being duly sworn, deposes and says, that she is the Plaintiff in the within action, that she has read the foregoing Motion and knows the contents thereof that the same is true of her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

PAULINE GUIDO
f/k/a PAULINE PIPITONE

Sworn to before me on this
20th day of February, 2015

Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

MARK A. LONGO
Notary Public, State of New York
No. 02LO4655104
Qualified in Kings County
Commission Expires July 31, 2017

Signature of Attorney

MARK A. LONGO, Esq.

Print Name of Attorney

LONGO & D'APICE, ESQS..

Firm

(718) 855-5684

Telephone

26 Court Street, Brooklyn, New York 11242

Address of New York Attorney:  Street and Number

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,

                              Plaintiff,

      -against-


THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and LOUIS EPPOLITO (A retired
member of the New York City Police Department),

                              Defendants,
-----------------------------------------------------------------x

**Case No.: 06-CV-145 (Amon, J.)**
**(Azrack, M.J.)**


<u>ATTORNEY AFFIRMATION</u>

TO:  THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

       MARK A. LONGO, ESQ., an attorney duly admitted to practice law, in the State of New

York, and the United States District Court for the Eastern District of New York, deposes and says:

       1.     I am a partner of Longo & D'Apice, Esqs., attorneys for plaintiff PAULINE

GUIDO f/k/a PAULINE PIPITONE, as Administrator of the Estate of NICHOLAS GUIDO,

Deceased, having offices at 26 Court Street, Brooklyn, New York.

       2.     We were retained by PAULINE GUIDO, to prosecute an action for the conscious

pain and suffering and wrongful death of the decedent, and for violations of his civil rights, and we

entered into a standard retainer agreement with the Plaintiff providing for a fee of thirty-three and

one-third percent (33 1/3%) of any recovery, after the return of our disbursements.

       3.     Jurisdiction rests on 28 USCA 1346 and under 28 USCA 1367.

14

4.      An extensive investigation was conducted and based on the records, meetings, and research, a theory of the case was formulated and a Summons and Complaint drafted and served.

5.      After the conditions precedent were met, a lawsuit was instituted against the within named defendants.

6.      After protracted litigation, the defendant, THE CITY OF NEW YORK made a full and final settlement offer in the amount of $5,000,000.00, in full settlement of all claims and causes of action on behalf of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, only.

7.      I am of the opinion that the settlement offer of $5,000,000.00 is adequate; and is fair and reasonable, as against THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

8.      Disbursements in the total sum of $16,460.10 have been incurred by this office. (Annexed hereto as Exhibit "E", is a list of our disbursements).

9.      The facts set forth herein constitute a summary of the legal services rendered to the plaintiff by this law firm:

As the court records in this matter reflect, the time when, the place where and the manner in which the allegations herein arose stem from the murder of Nicholas Guido on December 25, 1986 in the Windsor Terrace section of Brooklyn when he was the innocent victim of mistaken identity based upon information consisting of the identification of another man of the same name provided by two (2) members of the New York City Police Department, Stephen Caracappa and Louis Eppolito.

In all proceedings heretofore brought, it has been the contention of the plaintiff that the

15

City of New York and the New York City Police Department were negligent in its hiring of Stephen Caracappa and Louis Eppolito and that it failed to properly supervise, observe, monitor and control their conduct in dereliction of its legal responsibilities including its violation of 42 U.S.C. §1983.

Upon the retention of our office, a Notice of Claim pursuant to General Municipal Law §50e of the State of New York dated July 1, 2005 was served on the City of New York and the New York City Police Department on behalf of our client as the proposed Administrator of the estate of her son Nicholas Guido, deceased, seeking compensation for his wrongful death, pain and suffering and loss of services and companionship; and on September 28, 2005 she appeared and gave sworn testimony in accordance with General Municipal Law §50h.

In addition, a Petition for the issuance of Letters of Administration was prepared and filed with the Surrogate's Court, Kings County, along with the necessary supporting documentation and on October 21, 2005 Letters of Administration were issued to Pauline Pipitone.

In that interim and in contemplation of ongoing representation of the Estate of Nicholas Guido, we were in attendance in this court observing the related criminal trial entitled United States of America vs. Stephen Caracappa and Louis Eppolito (Docket No. CR-05-0192), where Pauline Pipitone gave testimony on behalf of the government and which resulted in the conviction of the two (2) defendants for the conduct complained of as well as similar conduct in related instances.   In this regard, we continued to monitor these criminal proceedings following a dismissal by the trial court of the criminal charges based upon a defense of statute of limitations and the subsequent appeal to the Second Circuit which on September 17, 2008 reinstated the findings of guilt.

16

Also in that interim, we prepared, served and filed a Notice of Petition dated July 20, 2008 in the Supreme Court of the State of New York, Kings County In the Matter of the Application of Pauline Pipitone, as proposed Administrator of the Estate of Nicholas Guido, deceased (Index No. 22202/2005) seeking an Order recognizing the timeliness of the filing of the aforementioned Notice of Claim we had previously served on July 1, 2005.

Following the submission of Memoranda of Law and oral argument, by its Decision dated April 28, 2006, the state court denied our Petition thereby deeming the Notice of Claim to have been untimely filed and thereby dismissed our Petition.

Thereafter, this determination was the subject of our appeal to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, which was fully briefed and orally argued before that tribunal after which, by its Decision and Order dated March 6, 2007, the finding below was affirmed.

Motion practice before the Appellate Division seeking leave to either reargue the appeal or for leave to appeal its determination to the New York Court of Appeals was denied on June 20, 2007 as was a subsequent motion to the Court of Appeals for reargument which was denied on October 16, 2007.  It was also during that time, on January 12, 2006, that the instant lawsuit was instituted in the Eastern District by service and filing of our Complaint in this action against the same parties as those named in the state court Petition as well as naming Stephen Caracappa and Louis Eppolito as defendants.

Over the course of this litigation, the Pipitone action was joined with seven (7) other related lawsuits comprised of allegations on behalf of estates of other individuals seeking similar redress.

17

Pre-trial discovery in the matter consisted of in excess of twenty (20) conference appearances for status and otherwise before Magistrate Judge Azrack and the conducting of fourteen (14) depositions not including an appearance on March 28, 2012 at the United States Penitentiary in Coleman, Florida for the aborted deposition of defendant Stephen Caracappa who is incarcerated there.

Further, motion practice in the lawsuit included applications for default judgments against defendants Stephen Caracappa and Louis Eppolito and to allow the use of the criminal trial testimony given by the principal government informant in this lawsuit before he passed away.

Finally, on September 30, 2014 following oral argument and the submission of our opposition, the motion by the City/NYPD defendants seeking summary judgment dismissing the Complaint herein was denied.

Inasmuch as a retainer agreement pursuant to New York Judiciary Law §474-a was entered into and filed with its Office of Court Administration, it is hereby requested that the legal fee this court approves in this matter be in accordance therewith to the extent of allowing one-third (1/3) of the net recovery, following expenses, as more fully set forth herein.

10.    That I caused a search to be made of the records of this Court for liens, claims, assignments or encumbrances or powers of attorney made or executed by any persons interested herein, and none were found, and your affirmant knows of none not so filed and recorded.

11.    That I am aware of no other liens, claims, assignments or encumbrances of any kind against the decedent, the decedent's estate, or the proceeds of the within settlement.   There is no lien for Worker's Compensation benefits.

18

12.     That your affirmant has inquired of Plaintiff and is satisfied that neither the decedent, nor the distributees are indebted to any federal, state or local public agency for public assistance or Medicaid.

13.     Your affirmant requests that the court approve the fees and disbursements of MARK A. LONGO, ESQ., pursuant to 28 U.S.C. § 2678, as follows:  That the attorney's disbursements in the sum of $16,460.10 first be deducted from the gross settlement of $5,000,000.00; that of the balance of $4,983,539.90, a fee of $1,661,179.97 (33 1/3%) be allowed, together with disbursements of $16,460.10, which is fair and reasonable fees for services rendered, and is in accordance with the retainer agreement entered into with the client.

14.     That neither Longo & D'Apice, Esqs., nor Mark A. Longo, Esq., have become interested in this application, or the subject matter thereof, at the instance of the Defendant, its representatives or attorneys, nor have we received, nor are we to receive any compensation from the defendant, directly or indirectly, and the only monies we have or will receive herein is our fees and disbursements, in accordance with the agreement of retainer, in the total sum of $1,677,640.07.

15.     The following is the proposed contingency fee and disbursements which have been agreed to by the plaintiff, PAULINE GUIDO, as Administrator of the Estate of NICHOLAS GUIDO, Deceased:

| | |
|---|---|
| SETTLEMENT AMOUNT | $ 5,000,000.00 |
| DISBURSEMENTS | $    16,460.10 |
| | |
| SETTLEMENT AMOUNT AFTER | |
| DEDUCTING DISBURSEMENTS | $ 4,983,539.90 |
| | |
| SETTLEMENT AMOUNT SUBJECT TO 33 1/3% | |
| CONTINGENT RETAINER | $  4,983,539.90 |

19

ATTORNEY FEE                                          $  1,661,179.97

NET SETTLEMENT, PAYABLE TO THE
ESTATE OR ITS DISTRIBUTEES                            $  3,322,359.93

### DISTRIBUTION PURSUANT TO EPTL 4-1.1

16.     Where, as here, the decedent was unmarried and had no children, pursuant to NY

EPTL 4.-1.1, the decedent's parents are his sole distributees.

17.     The decedent's father, Gabriel Guido, post-deceased the decedent on May 29, 1989

(see Exhibit "G").   Pursuant to NY EPTL 4-1.1 the one-half portion of this recovery distributable

to the decedent's post-deceased father, is as follows:   The first $50,000.00, plus one-half to his

spouse, Pauline Guido and the other half to his son, Michael Guido.

18.     No previous application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that the relief requested in the Petition be

granted in its entirety.

Affirmed:   February 20, 2015
            Brooklyn, New York


                                        _____
                                        MARK A. LONGO, ESQ.

20

# UNITED STATES DISTRICT COURT
for the
## Eastern District of New York

PAULINE PIPITONE, individually and )
as Administrator of the Estate of )
NICHOLAS GUIDO, deceased, )
  )
        Plaintiff, )
  )
   v. )        **No.: 06-CV-145 (Dearie, J.)**
  )        **(_____ M.J.)**
The City Of New York, New York City
Police Department, Stephen Caracappa
(A Retired Member Of The New York City
Police Department) And Louis Eppolito
(A Retired Member Of The New York
City Police Department )
  )
        Defendants, )
----------------------------------------------------------

## COMPROMISE ORDER

Upon reading and filing the Affidavit of PAULINE GUIDO, as Administrator of the Estate

of NICHOLAS GUIDO, deceased, duly verified on February 20, 2015 and the Affirmation of

MARK A. LONGO, ESQ., dated February 20, 2015, in which application was made for an Order

compromising this action and settling the causes of action by PAULINE PIPITONE, as

Administrator of the Estate of NICHOLAS GUIDO, against THE CITY OF NEW YORK and

NEW YORK CITY POLICE DEPARTMENT, by accepting the sum of $5,000,000.00 from THE

CITY OF NEW YORK;

AND to discharge and release only THE CITY OF NEW YORK and NEW YORK CITY

POLICE DEPARTMENT, from all suits and claims upon the payment of the said $5,000,000.00 in

settlement of the cause of action therein;

AND to dispense with the filing of a bond;

AND to pay to Longo & D'Apice, Esqs., disbursements in the sum of $16,460.10;

AND to pay to Longo & D'Apice, Esqs., attorney's fees for services rendered in the sum of $1,661,179.97;

AND PAULINE GUIDO having appeared by her counsel MARK A. LONGO, ESQ.;

AND it appearing that all interested parties having been duly served with notice of the within motion to compromise the action, and no one having appeared in opposition to the relief requested;

NOW IT IS,

ORDERED, that the Plaintiff's application for leave to compromise and settle the 42 U.S.C. §1983 claims on behalf of NICHOLAS GUIDO, deceased, by accepting the sum of $5,000,000.00 from defendant, THE CITY OF NEW YORK, is granted; and it is further

ORDERED that Plaintiff, as Administrator of the decedent's estate, is authorized to settle and discontinue the claims and causes of action against THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT; and it is further,

ORDERED that disbursements in the sum of $16,460.10 are allowed to Longo & D'Apice, Esqs.; and it is further

ORDERED that the attorneys' fees of Longo & D'Apice, Esqs., are allowed in amount of $1,661,179.97; and it is further

ORDERED that the remaining settlement be distributed to those intestate distributees entitled thereto pursuant to NY EPTL 4-1.1; and it is further,

2

ORDERED that THE CITY OF NEW YORK, pay the settlement sum of $5,000,000.00 in the following manner:

| | |
|---|---|
| To:   Longo & D'Apice, Esqs., as and for attorneys' disbursements: | $        16,460.10 |
| To: Longo & D'Apice, Esqs., as and for attorneys' fees | $ 1,661,179.97 |
| To: PAULINE GUIDO, mother, as and for her pecuniary loss equal to 91.77% | $ 3,048,929.71 |
| To: PAULINE GUIDO, as and for her intestate share as distributee of Gabriel Guido, post-deceased father, equal to the first $50,000.00, plus one-half of the remainder pursuant to NY EPTL 4-1.1, of the pecuniary loss of Gabriel Guido equal to 8.23% | $   161,715.11 |
| To: MICHAEL GUIDO, as and for his intestate share as distributee of Gabriel Guido, post-deceased father, equal to one-half of the remainder, pursuant to NY EPTL 4-1.1, of the pecuniary loss of Gabriel Guido equal to 8.23% | $   111,715.11 |

and it is further

ORDERED, ADJUDGED AND DECREED that the giving of a bond or other security in connection herewith be dispensed with.

_____
HON. RAYMOND J. DEARIE

3

**LONGO & D'APICE, ESQS.**
**DISBURSEMENTS**

RE:   NICHOLAS GUIDO

LIST DISBURSMENTS

Total Disbursements                              $16,460.10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,

                     **Case No.: 06-CV-145**

                 Plaintiff,

                     <u>CONSENT OF DISTRIBUTEE</u>

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and  LOUIS EPPOLITO (A retired
member of the New York City Police Department),

                 Defendants,
-----------------------------------------------------------------x

TO:  THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

    The undersigned Michael Guido, residing at 470  16th Street, Brooklyn, New York 11218,

being a person interested as distributee, hereby appears in the within proceeding, and consents to

the following relief:

    That the Plaintiff's application for leave to compromise and settle the 42 U.S.C. §1983

claims on behalf of NICHOLAS GUIDO, deceased, by accepting the sum of $5,000,000.00 from

defendant, THE CITY OF NEW YORK, be granted; and

    That Plaintiff, as Administrator of the decedent's estate, be authorized to settle and

discontinue the claims and causes of action against THE CITY OF NEW YORK and THE NEW

YORK CITY POLICE DEPARTMENT; and

    That disbursements in the sum of $16,460.10 be allowed to Longo & D'Apice, Esqs.; and

    That attorneys' fees be allowed to Longo & D'Apice, Esqs., in amount of $1,661,179.97;  and

That the portion of the settlement distributable to Gabriel Guido, in the amount of

$273,430.22, be distributed pursuant to NY EPTL 4-1.1, as follows:

| | |
|---|---|
| To: PAULINE GUIDO, spouse, as and for her Intestate share equal to the first $50,000.00, plus one-half of the remainder | $ 161,715.11 |
| To: MICHAEL GUIDO, son as and for his Intestate share equal to one-half of the remainder | $ 111,715.11 |

And

That THE CITY OF NEW YORK pay the settlement sum of $5,000,000.00 in the

following manner:

| | |
|---|---|
| To: Longo & D'Apice, Esqs.. as and for attorneys' disbursements: | $ 16,460.10 |
| To: Longo & D'Apice, Esqs.. as and for attorneys' fees | $ 1,661,179.97 |
| To: PAULINE GUIDO, mother, as and for her pecuniary loss equal to 91.77% | $ 3,048,929.71 |
| To: PAULINE GUIDO, as and for her intestate share as distributee of Gabriel Guido, post-deceased father, equal to the first $50,000.00, plus one-half of the remainder pursuant to NY EPTL 4-1.1, of the pecuniary loss of Gabriel Guido equal to 8.23% | $ 161,715.11 |
| To: MICHAEL GUIDO, as and for his intestate share as distributee of Gabriel Guido, post-deceased father, equal to one-half of the remainder, pursuant to NY EPTL 4-1.1, of the pecuniary loss of Gabriel Guido equal to 8.23% | $ 111,715.11 |

and

That the giving of a bond or other security in connection herewith be dispensed

with.

Dated: February 20, 2015
Brooklyn, New York

MICHAEL GUIDO

STATE OF NEW YORK    |    ss.:
COUNTY OF KINGS    |

     On February 20, 2015 before me, the undersigned, a Notary Public in and for said State, personally appeared MICHAEL GUIDO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, in Brooklyn, New York.

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)


MARK A. LONGO
Notary Public, State of New York
No. 02LO4655104
Qualified in Kings County
Commission Expires July 31, 2017

**Death Certificate of Nicholas Guido**
**EXHIBIT "A"**

VITAL RECORDS

# CERTIFICATE OF DEATH

Certificate No. **156-86-320210**

| DATE FILED | 1. NAME OF DECEASED (Type or Print) | Nicholas | P. | Guido |
|---|---|---|---|---|
| 1986 DEC 30 | | First Name | Middle Name | Last Name |

## MEDICAL CERTIFICATE OF DEATH (To be filled in by the Physician)

| 1a. PLACE OF DEATH — NEW YORK CITY a. BOROUGH | b. Name of hospital or institution. If not hospital, street address | c. If in hospital (Check) 1 ☐ DOA   3 ☐ Outpatient 2 ☐ Emerg. Rm. 4 ☐ Inpatient | d. If inpatient, date of current admission Month / Day / Year |
|---|---|---|---|
| Brooklyn | F/O 499 17th Street | | |

| 1a. DATE AND HOUR OF DEATH (Month) (Day) (Year) | 1b. HOUR | 4. SEX | 5. APPROXIMATE AGE |
|---|---|---|---|
| December 25 1986 | unknown ☐ AM ☐ PM | Male | 26 yrs. |

I HEREBY CERTIFY that, in accordance with the provisions of law, I took charge of the dead body at **Kings County Mortuary** on the **27th** day of **December** 19 **86**

I further certify from the investigation and post mortem examination ☒ with ☐ without autopsy that in my opinion death occurred on the date and at the hour stated above and resulted from ☐ Natural Causes   ☐ Suicide   ☐ Undetermined Circumstances   ☐ Accident   ☒ Homicide   ☐ Pending Further Investigation

and that the causes of death were:

**PART 1**

a. Immediate cause   Gunshot wounds (10) of chest, arm and leg penetrating
b. Due to or as a consequence of   heart, lungs, and liver. Homicide.
c. Due to or as a consequence of

**PART 2**

d. Contributory causes

| I.E. Case No. 86-9467 | Signed: _Jon Pearl_ (Associate) Medical Examiner | M.D. |
|---|---|---|

## PERSONAL PARTICULARS (To be filled in by Funeral Director)

| 8. USUAL RESIDENCE a. STATE NEW YORK | b. COUNTY KINGS | c. CITY, TOWN OR LOCATION BROOKLYN | d. STREET AND HOUSE NUMBER 512 17th STREET | e. INSIDE CITY LIMITS ☒ YES ☐ NO |
|---|---|---|---|---|

| 8. MARITAL STATUS (Check One) 1 ☐ Never Married 2 ☒ Married or Separated 3 ☐ Widowed 4 ☐ Divorced | 9. CITIZEN OF WHAT COUNTRY U.S.A. | 10. NAME OF SURVIVING SPOUSE (if wife, give maiden name |
|---|---|---|

| 11. DATE OF BIRTH OF DECEDENT (Month) (Day) (Year) FEBRUARY 2 1960 | 12. AGE AT LAST BIRTHDAY 26 | If UNDER 1 Year mos. / days | If LESS than 1 Day hrs. / min. |
|---|---|---|---|

| 13. USUAL OCCUPATION (Kind of work done during most of working lifetime; do not enter if retired.) INSTALLER | b. KIND OF BUSINESS PHONE | 14. SOCIAL SECURITY NO. 116 46 4052 |
|---|---|---|

| 15. BIRTHPLACE (State or Foreign Country) NEW YORK | 16. OTHER NAME BY WHICH DECEDENT WAS KNOWN |
|---|---|

| 17. NAME OF FATHER OF DECEDENT GABRIEL | 18. MAIDEN NAME OF MOTHER OF DECEDENT PAULINE |
|---|---|

| 19a. NAME OF INFORMANT MICHAEL GUIDO | b. RELATIONSHIP TO DECEASED BROTHER | c. ADDRESS 975 16 ST BKLYN N Y (City) (State) |
|---|---|---|

| 20a. NAME OF CEMETERY OR CREMATORY GREEN WOOD | b. LOCATION (City, Town, State and Country) BROOKLYN NEW YORK | c. DATE OF BURIAL OR CREMATION DECEMBER 31 1986 |
|---|---|---|

| 21. FUNERAL DIRECTOR RACCUGLIA FUNERAL HOME | b. ADDRESS 321-323 COURT ST BKLYN N Y |
|---|---|

BUREAU OF VITAL RECORDS       DEPARTMENT OF HEALTH       THE CITY OF NEW YORK

This is to certify that the foregoing is a true copy of a record on file in the Department of Health. The Department of Health does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

_Irene A. Scanlon_
IRENE A. SCANLON
CITY REGISTRAR

Do Not accept this transcript unless it bears the raised seal of the Department of Health. The reproduction or alteration of this transcript is prohibited by Section 3.21 of the New York City Health Code.

BUREAU OF VITAL RECORDS       DEPARTMENT OF HEALTH       THE CITY OF NEW YORK

DATE ISSUED
**DEC 31 1986**

DOCUMENT NO. **A 152286**

VR 134 - M - 109027 - 600M - (86)

**Letters of Administration**
**EXHIBIT "B"**

THESE LETTERS AUTHORIZE THE COLLECTION OF A TOTAL OF $ .00 AND INTEREST. THE COLLECTION IN EXCESS OF THAT AMOUNT MUST BE AUTHORIZED BY FURTHER ORDER OF THE SURROGATE.

                    BOND DISPENSED WITH PURSUANT TO SCPA 801


FILE # 2005-02760

                         LETTERS OF ADMINISTRATION
                    THE PEOPLE OF THE STATE OF NEW YORK
                 BY THE GRACE OF GOD FREE AND INDEPENDENT,
          TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,
TO

                         Pauline Pipitone

                                                 SEND GREETING:
       WHEREAS, Nicholas Guido of Brooklyn, NY, died intestate on
December 25, 1986 and

       WHEREAS, the decree of this court made October 21, 2005 directed
the issuance to you LETTERS OF ADMINISTRATION with the power however as
indicated herein.
       NOW, THEREFORE, KNOW YE that you are hereby authorized to
administer the estate of the said deceased subject to the jurisdiction,
supervision and limitations of this court pursuant to said decree.
               ******************* RESTRICTION *******************

UPON COMMENCEMENT OF AN ACTION, THE ADMINISTRATOR OR THE ATTORNEY FOR THE
ESTATE SHALL NOTIFY THIS COURT OF THE INDEX NUMBER, COUNTY AND TITLE OF
SAID ACTION WITHIN 30 DAYS. FAILURE TO DO SO MAY RESULT IN THE REVOCATION
OF LETTERS.

AND THE ADMINISTRATOR IS HEREBY RESTRAINED FROM COLLECTING ANY ASSETS
DERIVED FROM ANY CAUSE OF ACTION UNTIL FURTHER ORDER OF THE SURROGATE AND
UPON FILING OF A SATISFACTORY BOND.


          ****************************************************
       IN TESTIMONY WHEREOF, We have caused the seal of the Surrogate's
Court to be hereunto affixed.

       WITNESS, Honorable Albert Tomei, Acting, Surrogate of our said
County, at the County of Kings the 21st day of October in the year 2005.


    * SEAL *

                              _____
                                   Stephen Chepiga
                              Chief Clerk of the Surrogate's Court

**Retainer Agreement**
**EXHIBIT "C"**

Blumbergs Law Products    I 540—Contingent retainer   straight 33⅓ percent—
1st and 2nd Dept., App. Div. 3-92

JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

To    LONGO & D'APICE, ESQS.                                            **Retainer**

        26 Court Street - Suite 1700

        Brooklyn, New York 11242                    , Attorney

The undersigned, Client, residing at    588A 17th Street, Brooklyn, New York 11218

hereby retains you to prosecute or adjust a claim for damages arising from—

personal injuries sustained by    Nicholas Guido

loss of services of

property damage to

on                                      through the negligence of

or other persons.

   The Client hereby gives you the exclusive right to take all legal steps to enforce this claim through trial and appeal. The attorney shall have the right but not the obligation to represent the client on appeal.

   In consideration of the services rendered and to be rendered by you, the Client agrees to pay you and you are authorized to retain out of any moneys that may come into your hand by reason of the above claim:

   Thirty three and one-third percent (33⅓%) of the sum recovered, whether recovered by suit, settlement or otherwise subject to Court approval

   Such percentage shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.

   If the cause of action is settled by Client without the consent of Attorney, Client agrees to pay Attorney the above percentage of the full amount of the settlement for the benefit of Client, to whomever paid or whatever called. The attorney shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determined by the court. In such circumstances the court would determine the fair value of the service. Attorney shall have, in addition, Attorney's taxable costs and disbursements. In the event the Client is represented on appeal by another attorney, Attorney shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the court.

Dated    July 1, 2005

Client

X  *Pauline Pipitone*                          (L.S.)
        Signature - Print name beneath
   PAULINE PIPITONE

Witness                                        (L.S.)
                                        Signature - Print name beneath

**Complaint
EXHIBIT "D"**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _ NEW YORK

PAULINE PIPITONE, as the
Administrator of the Estate of
NICHOLAS GUIDO, Deceased and
PAULINE PIPITONE, Individually,

v.

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA,
(A retired member of the New York
City Police Department) and LOUIS
EPPOLITO (A retired member of the
New York City Police Department).

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**F06 145**

**TRAGER, J.**

**AZRACK, J.**

TO: (Name and address of Defendant)

THE CITY OF NEW YORK          NEW YORK CITY POLICE DEPARTMENT     STEPHEN CARACAPPA
100 Church Street             1 Police Plaza                      58 Allen Court
New York, N.Y. 10007          New York, N.Y. 10007                Staten Island, N.Y.
                                                                                  10301
LOUIS EPPOLITO
63 Phipps Lane
Plainview, N.Y. 11803

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LONGO & D'APICE, ESQS.
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN                                    JAN 12 2006

CLERK

(By) DEPUTY CLERK                      DATE

▶**06    145**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,
                        Plaintiffs

       -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and LOUIS EPPOLITO (A retired
member of the New York City Police Department).
                    Defendants
----------------------------------------------------------X

**COMPLAINT**
Trial By Jury Demanded
On All Issues.

TRAGER, J.

AZRACK, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JAN 1 2 2006
BROOKLYN OFFICE

       The plaintiffs by their attorneys, LONGO & D'APICE, ESQS., do state and say for their

Complaint, as follows:

### JURISDICTION

1.     The jurisdiction of this Court is invoked by Plaintiff pursuant to Title 28 of The

    United States Code, Sections 1331, 1343(3) & (4) and 1367 and Title 42 of The

    United States Code, Sections 1983 and 1985.

2.     The plaintiff and her decedent are and were citizens of New York. Defendant The

    City of New York is, and at all times mentioned was, a municipal corporation

    existing by virtue of the laws of the State of New York. Defendant New York

    City Police Department is a sub-division of defendant The City of New York

    Defendants Stephen Caracappa and Louis Eppolito were at all times material

    hereto member of The New York City Police Department holding the rank of

Detective. The matter in controversy exceeds the sum of $75,000.00 exclusive of

costs and interest.

3.   The plaintiff also invokes supplemental jurisdiction of this Court over her State

claims against defendants for common law violations pursuant to 28 U.S.C. 1367

as the common law claims form part of the same case or controversy.

4.   Venue is proper in this District pursuant to 28 U.S.C. 1391 as the cause of action

occurred in this District.

## JURY DEMAND

5.   Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment

to The United States Constitution and Fed. R. Civ. P. 38.

## NATURE OF PROCEEDINGS

6.   This is a proceeding for compensatory and punitive damages owing to the plaintiff

and her decedent as a result of violations of Civil Rights under the Fourth and

Fourteenth Amendments to the Constitution of The United States and under

Federal Law, particularly Title 42 of The United States Code, Section 1983, Title

18 of The United States Code, Section 1965(a), Title 18 of The United States

Code, Section 1962 and Title 28 of The United States Code, Section 1367(a).

## PARTIES

7.   At all times mentioned herein the plaintiff, Pauline Pipitone, and the decedent,

Nicholas Guido, were residents of the County of Kings (Brooklyn), City and State

of New York.

8.   Defendant The City of New York operates and governs The New York City

Police Department pursuant to the laws of The State of New York. Defendants

City of New York and New York City Police Department are responsible *inter alia* for the management, administration, conduct and supervision of all personnel employed by the New York City Police Department to protect the safety of the public and the property of the public.

9.  Defendants Caracappa and Eppolito were acting as police officers and detectives in the scope of their employment for Defendants The City of New York and New York City Police Department. It is believed that they presently reside in the State of Nevada. Louis Eppolito was employed by The New York City Police Department from August 1, 1969 to February 18, 1990. Stephen Caracappa was employed by The New York City Police Department from June 30, 1969 to November 4, 1992.

10. At all times pertinent hereto the defendants acted under the color of law, of a statute, ordinance, regulation, custom or usage.

## BACKGROUND

11. The decedent, Nicholas Guido was born on February 2, 1960 and raised in Brooklyn, New York by his family, including the plaintiff Pauline Pipitone, who is his mother and the Administrator of his Estate. He had no affiliations or contacts with criminal elements.

12. On Christmas Day, December 25, 1986 Nicholas Guido and a male family member left the table of a Holiday dinner to examine Mr. Guido's new car.

13. While Nicholas Guido and the male family member were seated inside the car they were approached by assailants who discharged firearms into the vehicle.

14. Nicholas Guido was mortally wounded when he was struck by at least ten (10)

bullets during the attack.

15. Analysis of entry wounds by the Medical Examiner's Office revealed that at least two bullets struck Nicholas Guido in the front of his chest. As such Nicholas Guido saw his assailants and was put through the emotional torment of anticipating his death at the hands of his executioners.

16. Based upon the manner of the attack investigating members of The New York City Police Department were led to believe that the murder of Nicholas Guido had the earmarks of being related to Organized Crime.

17. It was eventually determined by The New York City Police and the Federal Bureau of Investigation that Nicholas Guido was murdered as a result of mistaken identity.

18. Specifically, defendants Caracappa and Eppolito, at that time employed as New York City Police Department Detectives, were requested by Organized Crime elements to provide information concerning the whereabouts of an Organized Crime associate bearing the same name as the decedent.

19. Defendants Caracappa and Eppolito complied with the request of their Organized Crime patron by utilizing facilities, data bases and confidential materials made available to them solely due to their status as police officers and used by defendants Caracappa and Eppolito in their capacity as detectives employed by defendants The City of New York and New York City Police Department.

20. Defendants Caracappa and Eppolito mistook the decedent for the for the similar named organized Crime associate. They provided the misinformation to their Organized Crime patrons resulting in the murder of the decedent.

21.   Defendants Caracappa and Eppolito acted within the course of their employment in and in the capacity of their authority as New York City Police Officers in all of their actions in discerning information which they provided to their Organized Crime patrons.

22.   Defendants Caracappa and Eppolito acted with the express and tacit consent, knowledge and authorization of defendants The City of New York and New York City Police Department in utilizing research facilities and data bases maintained and  controlled by defendants The City of New York and New York City Police Department as they set into motion the mechanism which led to the murder of Nicholas Guido.

23.   Upon information and belief defendant Louis Eppolito, in his application for employment with The New York City Police Department, failed to disclose the fact that members of his immediate family were also members of an Organized Crime "family".  A fact verified by defendant Eppolito in a book he authored in 1992 entitled  **"Mafia Cop".**

24.   Defendants The City of New York and New York City Police Department did become aware of defendant Eppolito's connections to Organized Crime. Nonetheless he was permitted to retain his position with The New York City Police Department, was given access to confidential information regarding Organized Crime investigations and was rewarded with periodic promotions.

25.   Upon information and belief, in 1984 defendant Louis Eppolito was suspended by the New York City Police Department after being accused by The Federal Bureau of  Investigation of passing sensitive Organized Crime intelligence files to one

Rosario Gambino. Despite his suspension defendant Eppolito continued to receive the benefit of access to confidential information concerning Organized Crime.

26.   On or about September 6, 1986 a confidential computer print out was found in the automobile owned by one Anthony Casso, an alleged member of an Organized Crime "family". The said print out identified by license plate number unmarked surveillance vehicles used by The New York City Police Department.

27.   Upon information and belief, despite the above cited notice that confidential information systems had been breached or compromised, no steps were taken thereafter by defendants The City of New York or The New York City Police Department to secure or limit access to data bases maintained and controlled by the above named defendants or to supervise the use of said data bases. In fact, upon information and belief virtually no system of security or monitoring was in effect to prevent the misuse and abuse of information systems maintained by The ew York City Police Department.

28.   Between September 14, 1986 and December 25, 1986, both dates being approximate and inclusive, defendants Louis Eppolito and Stephen Caracappa, within the Eastern District of New York and elsewhere, together with others, did conspire to commit the murder of Nicholas Guido and did commit the murder of Nicholas Guido.

29.   On or about March 10, 2005 The Office of The United States Attorney made public the indictments of defendants Louis Eppolito and Stephen Caracappa on a variety of charges including conspiracy to commit murder and the murder of Nicholas Guido.

30.     Upon information and belief the indictments were incremented, in part, as the result of testimony from one Anthony Casso that in exchange for financial reward and gain defendants Louis Eppolito and Stephen Caracappa provided members of Organized Crime with sensitive and confidential information in the control of The New York City Police Department and available to the said defendants exclusively through their positions of authority within the New York City Police Department.

31.     That defendants Louis Eppolito and Stephen Caracappa received financial reward and  gain in exchange for the information that led to the murder of Nicholas Guido

32.     That from December 25, 1986 until the public announcement of the Federal Indictments of Louis Eppolito and Stephen Caracappa, plaintiff Pauline Pipitone, the  mother of Nicholas Guido and the Administrator of the Estate of Nicholas Guido had  no knowledge or reason to know that involvement of the defendants herein in the death of her son.

33.     That prior to December 25, 1986 and thereafter until the publication of the Federal Indictments of defendants Eppolito and Caracappa, despite knowledge based upon prior acts and suspicions, defendants The City of New York and The New York City Police Department failed to sufficiently investigate, monitor or supervise defendants Eppolito and Caracappa nor did the said defendants take steps or actions to alter or minimize the security clearance of defendants Eppolito and Caracappa.

34.     The defendants have acted with malice and with willful indifference toward the plaintiff and decedent and with deliberate disregard for the statutory and constitutional rights of the plaintiff and her decedent.

35.   The defendants actions constitute an unreasonable and excessive deprivation of the
       life of the plaintiff's decedent without due process of law.

36.   Upon information and belief, at all times pertinent hereto, defendants The City of
       New York and New York City Police Department a pattern and practice of
       unlawful activity by the defendants Eppolito and Caracappa

37.   Upon information and belief defendants The City of New York and New York
       City Police Department maintained a system of review of police conduct through
       its departments, including Internal Affairs, which is so untimely and cursory as to
       be ineffective and to permit and tolerate the unreasonable, excessive and unlawful
       conduct and denial of Constitutional rights by its' police officers.

38.   The acts, omissions, systematic flaws, policies and customs of defendants The City
       of New York and New York City Police Department caused defendants Eppolito
       and Caracappa to believe that  their unlawful enterprise and cooperation with
       elements of Organized crime would not be honestly, aggressively and properly
       investigated , with  the foreseeable result that the unlawful acts of  defendants
       Eppolito and Caracappa would result in the death of the plaintiff's decedent and
       others.

39.   As a direct and proximate cause of the acts and omissions of the defendant
       Nicholas Guido's was deprived of his civil rights and was unconstitutionally
       deprived of his life. Plaintiff Pauline Pipitone has been wrongfully denied the
       company, services, comfort and companionship of her son, has become physically
       and mentally sick and  has been forced to suffer the mental cruelty associated with
       the loss of her son.

## COUNT 1: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER

## 42 U.S.C.1983

40. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 39.

41. Defendants Louis Eppolito and Stephen Caracappa, by their foregoing acts intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of The State of New York to deprive the decedent Nicholas Guido and plaintiff Pauline Pipitone of their rights, privileges and immunities secured to them by The Constitutions and laws of The United States of America and The State of New York.

42. The defendants conduct violated the decedent Nicholas Guido and plaintiff Pauline Pipitone's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

43. The foregoing violations of the decedent Nicholas Guido and plaintiff Pauline Pipitone's Constitutional rights were further directly and proximately caused by conduct, chargeable to defendants The City of New York and new York City Police Department amounting to deliberate indifference to the Constitutional rights of the plaintiff and her decedent, including:

A) The institution and implementation of grossly and recklessly or deliberately inadequate policies, procedures and regulations of its Police Department respecting the safeguarding of the Constitutional rights of the public and the proper and competent conduct of criminal investigations.

B) The failure to properly and sufficiently conduct character investigations of

prospective police officers.

C)     The failure to take such necessary and proper action against the individual

defendant police officers prior to their conduct against the decedent,

notwithstanding, upon information and belief, these defendants having

actual knowledge concerning prior misconduct and illegal conduct by the

individual police officers.

D)     The failure to have, maintain and enforce sufficient procedures, policies or

practices to ensure the security and confidentiality of information systems

and data bases maintained by the defendants for the exclusive use of their

employees and thereby placing the public in general and specifically the

plaintiff and her decedent at risk of harm and if fact causing harm and

injury to them.

44.   The deficiencies set forth in paragraph "40" were collectively and each such

deficiency was individually, a substantial factor in bringing about the aforesaid

death of Nicholas Guido and the violations of the Constitutional rights of Nicholas

Guido and Pauline Pipitone.

45.   Defendants The City of New York and New York City Police Department at all

times relevant hereto had final discretionary authority to promulgate and

implement procedures and policies, including policies and procedures as to the

screening of police candidates, the supervision and discipline of police officers  and

security measures for information systems and data bases, with respect to the

performance of duties of police officers and the abuse and use of data for illegal

purposes by police officers. The said defendants owed the plaintiff, her decedent

and the public a duty , breached in this case, to avoid deliberate indifference to the Constitutional rights of the public.

46. The foregoing violations of the Constitutional rights of the plaintiff and her decedent were undertaken under color of law, statutes, and regulations of the State of New York

47. As a result of the foregoing conduct by the defendants the plaintiff Pauline Pipitone, individually and as the Adminstrator of the Estate of Nicholas Guido, deceased, has been damaged in an amount to be determined by this Court but in no event less that TWENTY- FIVE MILLION DOLLARS.

## COUNT 2: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER
## 42 U.S.C.1 1983

48. The plaintiff repeats and re-alleges each and every allegation in paragraph "1" to "39" and "40" to "47" with the same force and effect as if herein more fully set forth.

49. At all relevant times defendants Eppolito and Caracappa injured the plaintiff and her decedent with malice and depraved indifference to the life of the plaintiff's decedent, Nicholas Guido.

50. The foregoing violations of the Constitutional rights of the plaintiff and her decedent were undertaken by defendants Eppolito and Caracappa through means and methods made available to them solely through their capacity as police officers employed by defendants The City of New York and New York City Police Department under color of law, statutes and regulations of The State of New York

51. As a result of the foregoing conduct by the defendants herein the plaintiff Pauline

Pipitone individually and as the Administrator of the Estate of Nicholas Guido, deceased has been damaged in an amount to be determined by this Court, but in no event less than TWENTY-FIVE MILLION DOLLARS.

**COUNT 3.  CONSPIRACY UNDER 42 U.S.C. 1985 and**

**RACKETEERING ACTIVITY UNDER 18 U.S.C. 1961,**

**1962 and 1964.**

52.   The repeats and re-alleges each and every allegation in paragraph "1" to "39", "40" to "47" and "48" to "51" with the same force and effect as if herein more fully set forth.

53.   That at all relevant times defendants Stephen Caracappa and Louis Eppolito together with unnamed individuals conspired to bring about the death by violence of plaintiff's decedent.

54.   As a part of the conspiracy the defendants gathered and supplied their co-conspirators with information concerning the plaintiff's decedent. The said information was obtained through means made available to the defendants in the course of their employment with defendant The City of New York.

55.   The actions of the defendants in the furtherance of their conspiracy with unnamed conspirators directly led to the death by murder of the plaintiff's decedent.

56.   That by so engaging in the above stated conspiracy the defendants engaged in "Enterprise" and "Racketeering Activity" as defined by 18 U.S.C. 1961 in that they associated in fact for the purpose of an illegal activity and did, in fact, cause the violent death by murder of the plaintiff's decedent.

57.   As a result of the foregoing conduct by the defendants herein the plaintiff Pauline

Pipitone, individually and as the Administrator of the Estate of Nicholas Guido, deceased, has been damaged in an amount to be determined by this Court, but in no event less that TWENTY FIVE MILLION DOLLARS.

57. That pursuant to 18 U.S.C. 1964(c) the plaintiff is entitled to seek and demand treble damages with respect to this cause of action, including, but not limited to the cost of the litigation as well as reasonable attorneys' fees.

**COUNT 4 : WRONGFUL DEATH and NEGLIGENT INJURY**

58. The plaintiff repeats and re-alleges each and every allegation in paragraph "1" to "39", "40" to "47", "48" to "51" and "52" to "57" with the same force and effect as if herein more fully set forth.

59. That between September 14, 1986 and December 25, 1986 the defendants Stephen Caracappa and Louis Eppolito acted recklessly, intentionally and with depraved indifference leading to the death by violence of the plaintiff's decedent.

60. On December 25, 1986 defendants Caracappa and Eppolito , with other did bring about and in fact commit battery, assault and murder upon the plaintiff's decedent, Nicholas Guido.

61. The based upon the report of the Medical Examiner the decedent, Nicholas Guido, suffered at least two bullet wounds to the front of his chest. The decedent therefore saw his assailants prior to the attack on his life and person. The decedent thus was subjected to the additional mental torture of anticipation of his death.

62. As a result of the foregoing conduct by the defendants herein the plaintiff, Pauline Pipitone, individually and as the Administrator of the Estate of Nicholas Guido, deceased, has been damaged in a amount to be determined by the Court, but in no

event less than TWENTY FIVE MILLION DOLLARS.

**COUNT 5.  WRONGFUL DEATH AND NEGLIGENT INJURY**

63.    The plaintiff repeats and re-alleges each and every  allegation in paragraphs "1" to

"39", "40" to "47", "48" to "51", "52" to "57" and "58" to "62"

64.    The  defendants The City of New York and New York City Police Department are

directly responsible  and liable for the acts of defendants Stephen Caracappa and

Louis  Eppolito because they knowingly and negligently failed to enforce the laws

of  The State of New York and the regulations of The New York City Police

Department pertaining to the use of  confidential data bases controlled and

maintained by the defendants the City of New York and The New York City

Police Department for the exclusive use of their personnel in the furtherance of

their duties of law enforcement and crime prevention.

65.    That the said failure on the part of the above named defendants led to an

atmosphere of tacit approval for the misuse and abuse of the information gathering

systems and data bases under the control of the defendants.

66.    That the above abuses were condoned by the defendants and that the defendants

were aware or should have been aware of the misuses and the conduct of the

defendants Eppolito and Caracappa which led to the death of the plaintiff's

decedent.

67.    As a result of the foregoing conduct by the defendants the plaintiff Pauline

Pipitone, individually and as the Administrator of the Estate of Nicholas Guido,

deceased has been damaged in an amount to be determined by the Court but in any

event no less than TWENTY FIVE MILLION DOLLARS.

WHEREFORE the plaintiff prays for Judgment against the defendants, and each of them, as follows:

1.COUNT 1 : $25,000,000.00

2.COUNT 2: $25,000,000.00

3.COUNT 3:  $25, 000,000.00

4.COUNT 4: $25,000,000.00

5.COUNT 5: $25,000.000.00

6. Punitive damages in the amount of $25,000.000.00

7. Where applicable the plaintiff further seeks treble damages with respect to any award of damages.

8. The plaintiff respectfully seeks reasonable costs and expenses of this action, including but not limited to reasonable attorneys fees.

9. Such other relief as be just.

Dated:  Brooklyn, New York
         January 11, 2006

                              LONGO & D'APICE, ESQS.
                              By: _____
                                    MARK A. LONGO, ESQ.
                              Attorney for Plaintiff
                              26 Court Street - Suite 1700
                              Brooklyn, New York 11242
                              (718) 855-5684

Civil Action No. 06-145

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULINE PIPITONE, as the Administrator of the Estate of
NICHOLAS GUIDO, Deceased and PAULINE PIPITONE, individually,

                                        Plaintiffs,


                    -against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
STEPHEN CARACAPPA (A retired member of the New York City
Police Department) and LOUIS EPPOLITO (A retired member of the
New York City Police Department,

                                        Defendants.


SUMMONS IN A CIVIL ACTION AND COMPLAINT


Law Offices of

LONGO & D'APICE, ESQS.
Attorneys for Defendants
Office and P.O. Address, Telephone
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
(718) 722-7300

**Itemized list of disbursements
EXHIBIT "E"**

| Pipitone, Pauline | N7783 | |
|---|---|---|
| DISBURSEMENTS | | |
| DATE | PAYEE | AMOUNT |
| | | |
| 7/8/2005 | Surrogates Court filing fee | $ 45.00 |
| 7/13/2005 | Kings County Clerk (Index Number) | $ 210.00 |
| 7/13/2005 | Kings County Clerk (Request for Judicial Intervention) | $ 95.00 |
| 7/13/2005 | Kings County Clerk (Motion Fee) | $ 45.00 |
| 1/12/2006 | Clerk of US District Court (Docket Number) | $ 250.00 |
| 2/15/2006 | Federated Legal ( Process Service ) | $ 277.00 |
| 5/12/2006 | Kings County Clerk (Court Fee) | $ 65.00 |
| 11/30/2006 | Dick Bailey Services, Inc (State Court Appellate Printing) | $ 1,212.56 |
| 12/27/2006 | Dick Bailey Services, Inc (State Court Appellate Printing) | $ 389.64 |
| 4/25/2007 | Appellate Division 2nd Department (Filing Fee) | $ 45.00 |
| 7/17/2007 | Remsen Graphics (Photos) | $ 41.80 |
| 7/17/2007 | Court of Appeals (Filing Fee) | $ 45.00 |
| 4/22/2008 | City of New York | $ 486.96 |
| 4/30/2009 | Jaguar Court Reporting | $ 408.00 |
| 6/23/2009 | Jaguar Court Reporting | $ 284.00 |
| 7/22/2009 | Jaguar Court Reporting | $ 312.00 |
| 6/14/2011 | Jaguar Court Reporting | $ 200.00 |
| 6/14/2011 | Esquire Court Reporting | $ 1,300.20 |
| 7/22/2011 | Esquire Court Reporting | $ 1,660.20 |
| 9/16/2011 | Jaguar Court Reporting | $ 422.00 |
| 9/15/2011 | Esquire Court Reporting | $ 1,826.22 |
| 9/15/2014 | Esquire Court Reporting | $ 1,343.40 |
| 5/11/2012 | Veritext Court Reporting | $ 253.75 |
| 5/11/2012 | Esquire Court Reporting | $ 1,049.60 |
| 9/28/2012 | Esquire Court Reporting | $ 615.34 |
| 12/27/2012 | Esquire Court Reporting | $ 590.00 |
| 5/16/2013 | Neufeld, Scheck & Brustin (Expert Witness Fee Reimbursement) | $ 2,945.83 |
| 4/7/2014 | Neufeld, Scheck & Brustin (Expert Witness Fee Reimbursement) | $ 41.60 |
| | | $ 16,460.10 |

**Life Expectancy Table
EXHIBIT "F"**

## Table 7 — Cohort Life Tables for the Social Security Area by Year of Birth and Sex (Cont.)

| | Male | | | | | | | Female | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\mathring{e}_x$ | x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\mathring{e}_x$ |

**Year of Birth 1980**

| x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\mathring{e}_x$ | x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\mathring{e}_x$ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0 | 0.01398 | 100,000 | 1,398 | 98,776 | 7,759,688 | 77.60 | 0 | 0.01125 | 100,000 | 1,125 | 99,015 | 8,227,352 | 82.27 |
| 1 | 0.00097 | 98,602 | 96 | 98,554 | 7,660,912 | 77.70 | 1 | 0.00083 | 98,875 | 82 | 98,834 | 8,128,337 | 82.21 |
| 2 | 0.00064 | 98,506 | 63 | 98,475 | 7,562,358 | 76.77 | 2 | 0.00054 | 98,793 | 53 | 98,767 | 8,029,503 | 81.28 |
| 3 | 0.00052 | 98,444 | 51 | 98,418 | 7,463,883 | 75.82 | 3 | 0.00035 | 98,740 | 34 | 98,723 | 7,930,736 | 80.32 |
| 4 | 0.00036 | 98,393 | 35 | 98,375 | 7,365,465 | 74.86 | 4 | 0.00028 | 98,706 | 28 | 98,692 | 7,832,013 | 79.35 |
| 5 | 0.00034 | 98,357 | 34 | 98,340 | 7,267,090 | 73.88 | 5 | 0.00024 | 98,678 | 24 | 98,667 | 7,733,321 | 78.37 |
| 6 | 0.00030 | 98,324 | 30 | 98,309 | 7,168,749 | 72.91 | 6 | 0.00021 | 98,655 | 21 | 98,644 | 7,634,655 | 77.39 |
| 7 | 0.00030 | 98,294 | 29 | 98,279 | 7,070,441 | 71.93 | 7 | 0.00019 | 98,634 | 19 | 98,624 | 7,536,011 | 76.40 |
| 8 | 0.00026 | 98,264 | 26 | 98,251 | 6,972,162 | 70.95 | 8 | 0.00019 | 98,615 | 18 | 98,606 | 7,437,386 | 75.42 |
| 9 | 0.00022 | 98,239 | 21 | 98,228 | 6,873,910 | 69.97 | 9 | 0.00017 | 98,596 | 17 | 98,588 | 7,338,781 | 74.43 |
| 10 | 0.00016 | 98,217 | 16 | 98,209 | 6,775,682 | 68.99 | 10 | 0.00015 | 98,579 | 15 | 98,572 | 7,240,193 | 73.45 |
| 11 | 0.00018 | 98,201 | 17 | 98,193 | 6,677,473 | 68.00 | 11 | 0.00014 | 98,564 | 13 | 98,558 | 7,141,621 | 72.46 |
| 12 | 0.00023 | 98,184 | 23 | 98,173 | 6,579,281 | 67.01 | 12 | 0.00016 | 98,551 | 16 | 98,543 | 7,043,063 | 71.47 |
| 13 | 0.00040 | 98,161 | 40 | 98,141 | 6,481,108 | 66.03 | 13 | 0.00021 | 98,535 | 21 | 98,525 | 6,944,520 | 70.48 |
| 14 | 0.00063 | 98,122 | 61 | 98,091 | 6,382,967 | 65.05 | 14 | 0.00028 | 98,514 | 27 | 98,501 | 6,845,996 | 69.49 |
| 15 | 0.00083 | 98,060 | 82 | 98,019 | 6,284,876 | 64.09 | 15 | 0.00036 | 98,487 | 36 | 98,469 | 6,747,495 | 68.51 |
| 16 | 0.00098 | 97,979 | 96 | 97,931 | 6,186,856 | 63.14 | 16 | 0.00041 | 98,451 | 41 | 98,431 | 6,649,026 | 67.54 |
| 17 | 0.00107 | 97,883 | 105 | 97,830 | 6,088,926 | 62.21 | 17 | 0.00045 | 98,411 | 44 | 98,389 | 6,550,595 | 66.58 |
| 18 | 0.00112 | 97,778 | 110 | 97,723 | 5,991,096 | 61.27 | 18 | 0.00044 | 98,367 | 44 | 98,345 | 6,452,207 | 65.59 |
| 19 | 0.00117 | 97,668 | 114 | 97,611 | 5,893,373 | 60.34 | 19 | 0.00046 | 98,323 | 45 | 98,300 | 6,353,862 | 64.62 |
| 20 | 0.00127 | 97,554 | 124 | 97,492 | 5,795,762 | 59.41 | 20 | 0.00045 | 98,278 | 44 | 98,256 | 6,255,562 | 63.65 |
| 21 | 0.00139 | 97,430 | 136 | 97,362 | 5,698,270 | 58.49 | 21 | 0.00045 | 98,234 | 45 | 98,211 | 6,157,306 | 62.68 |
| 22 | 0.00137 | 97,294 | 133 | 97,228 | 5,600,908 | 57.57 | 22 | 0.00046 | 98,189 | 44 | 98,167 | 6,059,094 | 61.71 |
| 23 | 0.00135 | 97,161 | 131 | 97,096 | 5,503,681 | 56.64 | 23 | 0.00045 | 98,145 | 45 | 98,123 | 5,960,927 | 60.74 |
| 24 | 0.00128 | 97,030 | 125 | 96,968 | 5,406,585 | 55.72 | 24 | 0.00046 | 98,100 | 45 | 98,078 | 5,862,805 | 59.76 |
| 25 | 0.00121 | 96,906 | 117 | 96,847 | 5,309,617 | 54.79 | 25 | 0.00047 | 98,055 | 46 | 98,032 | 5,764,727 | 58.79 |
| 26 | 0.00114 | 96,789 | 111 | 96,734 | 5,212,769 | 53.86 | 26 | 0.00048 | 98,009 | 47 | 97,986 | 5,666,695 | 57.82 |
| 27 | 0.00110 | 96,678 | 106 | 96,625 | 5,116,036 | 52.92 | 27 | 0.00050 | 97,962 | 49 | 97,938 | 5,568,710 | 56.85 |
| 28 | 0.00110 | 96,572 | 106 | 96,519 | 5,019,411 | 51.98 | 28 | 0.00052 | 97,913 | 51 | 97,888 | 5,470,772 | 55.87 |
| 29 | 0.00112 | 96,466 | 108 | 96,412 | 4,922,892 | 51.03 | 29 | 0.00055 | 97,862 | 55 | 97,835 | 5,372,885 | 54.90 |
| 30 | 0.00116 | 96,358 | 112 | 96,302 | 4,826,480 | 50.09 | 30 | 0.00060 | 97,808 | 58 | 97,778 | 5,275,050 | 53.93 |
| 31 | 0.00120 | 96,246 | 115 | 96,189 | 4,730,178 | 49.15 | 31 | 0.00064 | 97,749 | 62 | 97,718 | 5,177,271 | 52.96 |
| 32 | 0.00126 | 96,131 | 121 | 96,070 | 4,633,989 | 48.21 | 32 | 0.00069 | 97,687 | 68 | 97,653 | 5,079,553 | 52.00 |
| 33 | 0.00134 | 96,010 | 128 | 95,946 | 4,537,919 | 47.27 | 33 | 0.00076 | 97,619 | 74 | 97,582 | 4,981,900 | 51.03 |
| 34 | 0.00143 | 95,881 | 137 | 95,813 | 4,441,973 | 46.33 | 34 | 0.00083 | 97,545 | 81 | 97,505 | 4,884,318 | 50.07 |
| 35 | 0.00153 | 95,744 | 147 | 95,671 | 4,346,160 | 45.39 | 35 | 0.00091 | 97,464 | 89 | 97,419 | 4,786,813 | 49.11 |
| 36 | 0.00165 | 95,598 | 158 | 95,519 | 4,250,489 | 44.46 | 36 | 0.00100 | 97,375 | 97 | 97,326 | 4,689,394 | 48.16 |
| 37 | 0.00178 | 95,440 | 170 | 95,355 | 4,154,970 | 43.53 | 37 | 0.00108 | 97,278 | 105 | 97,225 | 4,592,067 | 47.21 |
| 38 | 0.00192 | 95,270 | 183 | 95,178 | 4,059,615 | 42.61 | 38 | 0.00117 | 97,172 | 114 | 97,115 | 4,494,842 | 46.26 |
| 39 | 0.00208 | 95,087 | 197 | 94,988 | 3,964,437 | 41.69 | 39 | 0.00126 | 97,059 | 122 | 96,997 | 4,397,727 | 45.31 |

113

## Table 7 — Cohort Life Tables for the Social Security Area by Year of Birth and Sex (Cont.)

| | Male | | | | | | | Female | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\overset{\circ}{e}_x$ | x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\overset{\circ}{e}_x$ |
| Year of Birth 1980 (Cont.) | | | | | | | | | | | | | |
| 40 | 0.00224 | 94,890 | 212 | 94,784 | 3,869,449 | 40.78 | 40 | 0.00136 | 96,936 | 131 | 96,871 | 4,300,729 | 44.37 |
| 41 | 0.00240 | 94,678 | 227 | 94,564 | 3,774,665 | 39.87 | 41 | 0.00146 | 96,805 | 141 | 96,734 | 4,203,859 | 43.43 |
| 42 | 0.00258 | 94,450 | 243 | 94,329 | 3,680,101 | 38.96 | 42 | 0.00155 | 96,664 | 149 | 96,589 | 4,107,124 | 42.49 |
| 43 | 0.00276 | 94,207 | 260 | 94,077 | 3,585,772 | 38.06 | 43 | 0.00163 | 96,515 | 157 | 96,436 | 4,010,535 | 41.55 |
| 44 | 0.00294 | 93,947 | 276 | 93,809 | 3,491,695 | 37.17 | 44 | 0.00170 | 96,358 | 164 | 96,276 | 3,914,099 | 40.62 |
| 45 | 0.00315 | 93,671 | 295 | 93,524 | 3,397,886 | 36.27 | 45 | 0.00178 | 96,194 | 171 | 96,108 | 3,817,823 | 39.69 |
| 46 | 0.00336 | 93,376 | 313 | 93,220 | 3,304,362 | 35.39 | 46 | 0.00188 | 96,023 | 181 | 95,932 | 3,721,715 | 38.76 |
| 47 | 0.00353 | 93,063 | 329 | 92,898 | 3,211,143 | 34.51 | 47 | 0.00199 | 95,842 | 190 | 95,747 | 3,625,782 | 37.83 |
| 48 | 0.00367 | 92,734 | 340 | 92,564 | 3,118,244 | 33.63 | 48 | 0.00210 | 95,652 | 201 | 95,551 | 3,530,036 | 36.91 |
| 49 | 0.00378 | 92,394 | 350 | 92,219 | 3,025,680 | 32.75 | 49 | 0.00223 | 95,451 | 213 | 95,344 | 3,434,485 | 35.98 |
| 50 | 0.00391 | 92,044 | 360 | 91,864 | 2,933,461 | 31.87 | 50 | 0.00237 | 95,238 | 226 | 95,125 | 3,339,140 | 35.06 |
| 51 | 0.00409 | 91,684 | 375 | 91,497 | 2,841,597 | 30.99 | 51 | 0.00255 | 95,012 | 242 | 94,891 | 3,244,015 | 34.14 |
| 52 | 0.00432 | 91,310 | 394 | 91,113 | 2,750,100 | 30.12 | 52 | 0.00276 | 94,770 | 261 | 94,639 | 3,149,124 | 33.23 |
| 53 | 0.00461 | 90,916 | 419 | 90,706 | 2,658,988 | 29.25 | 53 | 0.00301 | 94,509 | 284 | 94,367 | 3,054,485 | 32.32 |
| 54 | 0.00498 | 90,496 | 450 | 90,271 | 2,568,282 | 28.38 | 54 | 0.00330 | 94,225 | 311 | 94,070 | 2,960,118 | 31.42 |
| 55 | 0.00540 | 90,046 | 486 | 89,803 | 2,478,011 | 27.52 | 55 | 0.00363 | 93,914 | 341 | 93,744 | 2,866,048 | 30.52 |
| 56 | 0.00587 | 89,559 | 525 | 89,297 | 2,388,208 | 26.67 | 56 | 0.00400 | 93,573 | 374 | 93,386 | 2,772,305 | 29.63 |
| 57 | 0.00637 | 89,034 | 567 | 88,750 | 2,298,912 | 25.82 | 57 | 0.00439 | 93,199 | 409 | 92,995 | 2,678,918 | 28.74 |
| 58 | 0.00691 | 88,467 | 611 | 88,161 | 2,210,161 | 24.98 | 58 | 0.00479 | 92,791 | 445 | 92,568 | 2,585,923 | 27.87 |
| 59 | 0.00749 | 87,856 | 658 | 87,527 | 2,122,000 | 24.15 | 59 | 0.00523 | 92,346 | 483 | 92,104 | 2,493,355 | 27.00 |
| 60 | 0.00813 | 87,198 | 709 | 86,844 | 2,034,473 | 23.33 | 60 | 0.00571 | 91,863 | 525 | 91,600 | 2,401,251 | 26.14 |
| 61 | 0.00886 | 86,489 | 766 | 86,106 | 1,947,630 | 22.52 | 61 | 0.00625 | 91,338 | 571 | 91,053 | 2,309,650 | 25.29 |
| 62 | 0.00971 | 85,723 | 832 | 85,307 | 1,861,523 | 21.72 | 62 | 0.00687 | 90,767 | 623 | 90,456 | 2,218,597 | 24.44 |
| 63 | 0.01069 | 84,891 | 907 | 84,438 | 1,776,216 | 20.92 | 63 | 0.00757 | 90,144 | 682 | 89,803 | 2,128,142 | 23.61 |
| 64 | 0.01179 | 83,984 | 991 | 83,489 | 1,691,779 | 20.14 | 64 | 0.00836 | 89,462 | 748 | 89,088 | 2,038,339 | 22.78 |
| 65 | 0.01303 | 82,993 | 1,081 | 82,453 | 1,608,290 | 19.38 | 65 | 0.00925 | 88,714 | 820 | 88,303 | 1,949,251 | 21.97 |
| 66 | 0.01435 | 81,912 | 1,175 | 81,324 | 1,525,838 | 18.63 | 66 | 0.01019 | 87,893 | 896 | 87,446 | 1,860,948 | 21.17 |
| 67 | 0.01572 | 80,737 | 1,269 | 80,102 | 1,444,513 | 17.89 | 67 | 0.01117 | 86,998 | 972 | 86,512 | 1,773,502 | 20.39 |
| 68 | 0.01712 | 79,468 | 1,360 | 78,787 | 1,364,411 | 17.17 | 68 | 0.01216 | 86,026 | 1,046 | 85,503 | 1,686,990 | 19.61 |
| 69 | 0.01858 | 78,107 | 1,451 | 77,382 | 1,285,624 | 16.46 | 69 | 0.01320 | 84,980 | 1,122 | 84,419 | 1,601,487 | 18.85 |
| 70 | 0.02023 | 76,656 | 1,551 | 75,881 | 1,208,242 | 15.76 | 70 | 0.01437 | 83,859 | 1,205 | 83,256 | 1,517,067 | 18.09 |
| 71 | 0.02207 | 75,105 | 1,657 | 74,277 | 1,132,361 | 15.08 | 71 | 0.01568 | 82,653 | 1,296 | 82,006 | 1,433,811 | 17.35 |
| 72 | 0.02392 | 73,448 | 1,757 | 72,569 | 1,058,085 | 14.41 | 72 | 0.01702 | 81,358 | 1,385 | 80,665 | 1,351,806 | 16.62 |
| 73 | 0.02578 | 71,691 | 1,848 | 70,767 | 985,515 | 13.75 | 73 | 0.01838 | 79,973 | 1,470 | 79,238 | 1,271,140 | 15.89 |
| 74 | 0.02773 | 69,843 | 1,937 | 68,874 | 914,749 | 13.10 | 74 | 0.01983 | 78,503 | 1,557 | 77,725 | 1,191,902 | 15.18 |
| 75 | 0.03009 | 67,906 | 2,043 | 66,884 | 845,874 | 12.46 | 75 | 0.02161 | 76,947 | 1,662 | 76,115 | 1,114,177 | 14.48 |
| 76 | 0.03286 | 65,862 | 2,164 | 64,780 | 778,990 | 11.83 | 76 | 0.02368 | 75,284 | 1,782 | 74,393 | 1,038,062 | 13.79 |
| 77 | 0.03579 | 63,698 | 2,280 | 62,558 | 714,210 | 11.21 | 77 | 0.02580 | 73,502 | 1,896 | 72,554 | 963,669 | 13.11 |
| 78 | 0.03885 | 61,418 | 2,386 | 60,225 | 651,652 | 10.61 | 78 | 0.02791 | 71,606 | 1,999 | 70,606 | 891,115 | 12.44 |
| 79 | 0.04222 | 59,032 | 2,492 | 57,786 | 591,426 | 10.02 | 79 | 0.03021 | 69,607 | 2,103 | 68,555 | 820,509 | 11.79 |

114

### Table 7 — Cohort Life Tables for the Social Security Area by Year of Birth and Sex (Cont.)

| | | Male | | | | | | | Female | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\overset{\circ}{e}_x$ | x | $q_x$ | $l_x$ | $d_x$ | $L_x$ | $T_x$ | $\overset{\circ}{e}_x$ |
| **Year of Birth 1980 (Cont.)** | | | | | | | | | | | | | |
| 80 | 0.04597 | 56,540 | 2,599 | 55,241 | 533,640 | 9.44 | 80 | 0.03286 | 67,504 | 2,218 | 66,395 | 751,953 | 11.14 |
| 81 | 0.05052 | 53,941 | 2,725 | 52,579 | 478,399 | 8.87 | 81 | 0.03618 | 65,286 | 2,362 | 64,105 | 685,558 | 10.50 |
| 82 | 0.05639 | 51,216 | 2,888 | 49,772 | 425,820 | 8.31 | 82 | 0.04047 | 62,924 | 2,547 | 61,650 | 621,454 | 9.88 |
| 83 | 0.06385 | 48,328 | 3,086 | 46,785 | 376,048 | 7.78 | 83 | 0.04593 | 60,377 | 2,773 | 58,991 | 559,803 | 9.27 |
| 84 | 0.07264 | 45,243 | 3,286 | 43,599 | 329,263 | 7.28 | 84 | 0.05245 | 57,604 | 3,021 | 56,093 | 500,813 | 8.69 |
| 85 | 0.08233 | 41,956 | 3,454 | 40,229 | 285,663 | 6.81 | 85 | 0.05979 | 54,583 | 3,263 | 52,951 | 444,719 | 8.15 |
| 86 | 0.09254 | 38,502 | 3,563 | 36,721 | 245,434 | 6.37 | 86 | 0.06774 | 51,319 | 3,476 | 49,581 | 391,768 | 7.63 |
| 87 | 0.10304 | 34,939 | 3,600 | 33,139 | 208,714 | 5.97 | 87 | 0.07619 | 47,843 | 3,645 | 46,021 | 342,187 | 7.15 |
| 88 | 0.11377 | 31,339 | 3,566 | 29,557 | 175,574 | 5.60 | 88 | 0.08511 | 44,198 | 3,762 | 42,317 | 296,166 | 6.70 |
| 89 | 0.12484 | 27,774 | 3,467 | 26,040 | 146,018 | 5.26 | 89 | 0.09457 | 40,437 | 3,824 | 38,524 | 253,849 | 6.28 |
| 90 | 0.13637 | 24,307 | 3,315 | 22,649 | 119,978 | 4.94 | 90 | 0.10468 | 36,612 | 3,833 | 34,696 | 215,325 | 5.88 |
| 91 | 0.14853 | 20,992 | 3,118 | 19,433 | 97,328 | 4.64 | 91 | 0.11555 | 32,780 | 3,788 | 30,886 | 180,629 | 5.51 |
| 92 | 0.16149 | 17,874 | 2,886 | 16,431 | 77,896 | 4.36 | 92 | 0.12730 | 28,992 | 3,691 | 27,147 | 149,743 | 5.16 |
| 93 | 0.17538 | 14,987 | 2,629 | 13,673 | 61,465 | 4.10 | 93 | 0.14003 | 25,301 | 3,543 | 23,530 | 122,596 | 4.85 |
| 94 | 0.19034 | 12,359 | 2,352 | 11,183 | 47,792 | 3.87 | 94 | 0.15382 | 21,758 | 3,347 | 20,085 | 99,066 | 4.55 |
| 95 | 0.20503 | 10,007 | 2,052 | 8,981 | 36,609 | 3.66 | 95 | 0.16763 | 18,411 | 3,086 | 16,868 | 78,982 | 4.29 |
| 96 | 0.21921 | 7,955 | 1,744 | 7,083 | 27,628 | 3.47 | 96 | 0.18121 | 15,325 | 2,777 | 13,937 | 62,113 | 4.05 |
| 97 | 0.23259 | 6,211 | 1,445 | 5,489 | 20,545 | 3.31 | 97 | 0.19430 | 12,548 | 2,438 | 11,329 | 48,177 | 3.84 |
| 98 | 0.24491 | 4,766 | 1,167 | 4,183 | 15,056 | 3.16 | 98 | 0.20662 | 10,110 | 2,089 | 9,066 | 36,848 | 3.64 |
| 99 | 0.25587 | 3,599 | 921 | 3,139 | 10,874 | 3.02 | 99 | 0.21791 | 8,021 | 1,748 | 7,147 | 27,782 | 3.46 |
| 100 | 0.26733 | 2,678 | 716 | 2,320 | 7,735 | 2.89 | 100 | 0.22982 | 6,273 | 1,442 | 5,552 | 20,635 | 3.29 |
| 101 | 0.27931 | 1,962 | 548 | 1,688 | 5,415 | 2.76 | 101 | 0.24237 | 4,832 | 1,171 | 4,246 | 15,083 | 3.12 |
| 102 | 0.29183 | 1,414 | 413 | 1,208 | 3,727 | 2.64 | 102 | 0.25563 | 3,660 | 936 | 3,193 | 10,837 | 2.96 |
| 103 | 0.30492 | 1,001 | 305 | 849 | 2,519 | 2.52 | 103 | 0.26962 | 2,725 | 735 | 2,357 | 7,644 | 2.81 |
| 104 | 0.31861 | 696 | 222 | 585 | 1,670 | 2.40 | 104 | 0.28437 | 1,990 | 566 | 1,707 | 5,287 | 2.66 |
| 105 | 0.33291 | 474 | 158 | 395 | 1,085 | 2.29 | 105 | 0.29994 | 1,424 | 427 | 1,211 | 3,580 | 2.51 |
| 106 | 0.34786 | 316 | 110 | 261 | 690 | 2.18 | 106 | 0.31637 | 997 | 315 | 839 | 2,369 | 2.38 |
| 107 | 0.36349 | 206 | 75 | 169 | 428 | 2.07 | 107 | 0.33370 | 682 | 227 | 568 | 1,530 | 2.24 |
| 108 | 0.37983 | 131 | 50 | 106 | 259 | 1.97 | 108 | 0.35200 | 454 | 160 | 374 | 962 | 2.12 |
| 109 | 0.39691 | 81 | 32 | 65 | 153 | 1.88 | 109 | 0.37131 | 294 | 109 | 240 | 588 | 2.00 |
| 110 | 0.41477 | 49 | 20 | 39 | 88 | 1.78 | 110 | 0.39168 | 185 | 72 | 149 | 348 | 1.88 |
| 111 | 0.43345 | 29 | 12 | 23 | 49 | 1.69 | 111 | 0.41319 | 113 | 47 | 89 | 199 | 1.77 |
| 112 | 0.45297 | 16 | 7 | 13 | 26 | 1.61 | 112 | 0.43587 | 66 | 29 | 52 | 110 | 1.66 |
| 113 | 0.47338 | 9 | 4 | 7 | 14 | 1.52 | 113 | 0.45982 | 37 | 17 | 29 | 58 | 1.56 |
| 114 | 0.49471 | 5 | 2 | 4 | 7 | 1.44 | 114 | 0.48508 | 20 | 10 | 15 | 29 | 1.46 |
| 115 | 0.51702 | 2 | 1 | 2 | 3 | 1.36 | 115 | 0.51176 | 10 | 5 | 8 | 14 | 1.37 |
| 116 | 0.54035 | 1 | 1 | 1 | 1 | 1.29 | 116 | 0.53990 | 5 | 3 | 4 | 7 | 1.29 |
| 117 | 0.56473 | 1 | 0 | 0 | 1 | 1.22 | 117 | 0.56473 | 2 | 1 | 2 | 3 | 1.22 |
| 118 | 0.59023 | 0 | 0 | 0 | 0 | 1.15 | 118 | 0.59023 | 1 | 1 | 1 | 1 | 1.15 |
| 119 | 0.61690 | 0 | 0 | 0 | 0 | 1.08 | 119 | 0.61690 | 0 | 0 | 0 | 0 | 1.08 |

**Death Certificate of Gabriel Guido**
**EXHIBIT "G"**

VITAL RECORDS
DEPARTMENT OF
BOROUGH OF MA...

**CERTIFICATE OF DEATH**

Certificate No.

156-89 - 0 3 1 2 8 0

DATE FILED
May 31 11 08 AM

1. **NAME OF DECEASED** __GABRIEL__ __GUIDO__
(Type or Print)  (First Name)  (Middle Name)  (Last Name)

### MEDICAL CERTIFICATE OF DEATH (To be filled in by the Physician)

| 2. PLACE OF DEATH | NEW YORK CITY | 2b. Name of hospital or other facility if not facility, street address | 2c. If in Hospital or Other Facility (Check) | 2d. If Inpatient, date of current admission |
|---|---|---|---|---|
| | 2a. BOROUGH BROOKLYN | 41 ~1st PLACE | 1 ☐ DOA   3 ☐ Outpatient 2 ☐ Emerg.  4 ☐ Inpatient | Month Day Year |

| 3. DATE AND HOUR OF DEATH OR FOUND DEAD | 3a. (Month) (Day) (Year) MAY 28, 1989 | 3b. HOUR (Time) UNKNOWN ☐ AM ☐ PM | 4. SEX MALE | 5. APPROXIMATE AGE 58 YEARS |
|---|---|---|---|---|

6. DEATH WAS CAUSED BY:  Enter only one cause per line

| | | INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| PART 1 | a. Immediate cause: Intracerebral hemorrhage. | |
| | b. Due to or as a consequence of: Hypertensive cardiovascular disease. | |
| | c. Due to or as a consequence of | |

PART 2  d. Other significant conditions contributing to death but not resulting in the underlying cause given in part 1

| 7a. INJURY DATE OF INJURY (Month) (Day) (Year) | 7b. TIME ☐ AM ☐ PM | 7c. AT WORK 1 ☐ Yes 2 ☐ No | 7d. PLACE OF INJURY - At home, farm, street, factory, office building, etc. (Specify) 7e. LOCATION | 7f. HOW INJURY OCCURRED |
|---|---|---|---|---|

| 8. Manner of Death (Check all that apply) Pending  XX Natural C Investigation (IN/IM)  XX Accident O Toxicology  O Suicide O Further Study  O Homicide  O Undetermined | 9. Autopsy XX Yes XX No Autopsy Pursuant to Law No Autopsy | 10. On the basis of examination and/or investigation, in my opinion, death occurred due to the cause and manner as stated. CERTIFIER SIGNATURE: _Frede Frederic_ M.D. DATE: May 28, 1989 |
|---|---|---|

| 11. M.E. Case No. K89=4284 | 12a. Date Pronounced Dead (Month, Day, Year) (if different from 3a) | 12b. TIME ☐ AM ☐ PM | CERTIFIER NAME (Print) Frede Frederic (Medical Examiner) |
|---|---|---|---|

### PERSONAL PARTICULARS (To be filled in by Funeral Director)

| 13. Usual Residence 13a. State NEW YORK | 13b. County KINGS | 13c. City, Town, or Location BROOKLYN | 13d. Street & House No.  Zip  Apt. No. 512 17th STREET | 13e. Inside City Limits of 7c ☐ Yes ☐ No |
|---|---|---|---|---|

| 14. Served in U.S. Armed Forces No Yes Specify years 0☐ 1☐  From  To | 15. Marital Status (Check One) 1 ☐ Never Married  2 ☐ Widowed 3 ☒ Married or separated  4 ☐ Divorced | 16. Name of Surviving Spouse (If wife, give maiden name) PAULINE BALDO |
|---|---|---|

| 17. Date of birth (Month) (Day) (Year) of Decedent SEPTEMBER 26 1929 | 18. Age at last birthday 59 | If under 1 Year If less than 1 Day mos. days hours min. | 19. Social Security No. 072 225030 |
|---|---|---|---|

| 20a. Usual Occupation (Kind of work done during most of working lifetime, do not enter retired) GUARD | 20b. Kind of Business BLDGS |
|---|---|

| 21. Birthplace (City & State or Foreign Country) BROOKLYN New York | 22. Education (Check only one) 0-11 12 13-16 16 17+ ☐1 ☐2 ☐3 ☐4 ☐5 | 23. Other name(s) by which decedent was known |
|---|---|---|

| 24. NAME OF FATHER OF DECEDENT MICHAEL | 25. MAIDEN NAME OF MOTHER OF DECEDENT JENNIE |
|---|---|

| 26a. NAME OF INFORMANT PAULINE GUIDO | 26b. RELATIONSHIP TO DECEASED WIFE | 26c. ADDRESS (City) (State) (Zip) 512 17th ST BKLYN NY NY |
|---|---|---|

| 27a. NAME OF CEMETERY OR CREMATORY GREENWOOD | 27b. LOCATION (City, Town, State and Country) BROOKLYN NEW YORK | 27c. DATE OF BURIAL OR CREMATION JUNE 1, 1989 |
|---|---|---|

| 28a. FUNERAL DIRECTOR D'ACCUCHA FUNERAL HOME Inc | 28b. ADDRESS 321-323 COURT STREET |
|---|---|

**BUREAU OF VITAL RECORDS     DEPARTMENT OF HEALTH     THE CITY OF NEW YORK**

This is to certify that the foregoing is a true copy of a record on file in the Department of Health. The Department of Health does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

**DEATH TRANSCRIPT**

IRENE A SCANLON
CITY REGISTRAR

Do not accept this transcript unless it bears the raised seal of the Department of Health. The reproduction or alteration of this transcript is prohibited by Section 3.21 of the New York City Health Code.

BUREAU OF VITAL RECORDS     DEPARTMENT OF HEALTH     THE CITY OF NEW YORK

DATE ISSUED

MAY 31 1989

VR164-475M-9-830061

DOCUMENT NO. A 415627

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF KINGS      )

I, DONNA JOILES, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York 11217.

On February 20, 2015, I served the within MOTION TO COMPROMISE ACTION, AFFIRMATION, PROPOSED COMPROMISE ORDER, CONSENT OF DISTRIBUTEE AND EXHIBIT(S), by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following person(s) at the last known address set forth after each name:

TO:   Zachary W. Carter, Esq.
      Corporation Counsel
      Attorneys for Defendants
      City of New York and New York City Police Department
      100 Church Street, Room 3-167
      New York, New York 10007
      Attention:   Matthew J. Modafferi, Esq.

      Michael Guido
      470  16th Street
      Brooklyn, New York 11218

      Internal Revenue Service
      Holtsville, New York 00501

      New York State Department of Taxation and Finance
      Estate Tax
      W.A. Harriman Campus
      Albany, New York 12227

      The City Of New York
      180 Water Street
      New York, New York 10038

                                                    _Donna Joiles_
                                                    DONNA JOILES

Sworn to before me on this
20th day of February, 2015

_____
NOTARY PUBLIC

MARK A. LONGO
Notary Public, State of New York
No. 02LO4655104
Qualified in Kings County
Commission Expires July 31, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================================

PAULINE PIPITONE, as the Administrator of the
Estate of NICHOLAS GUIDO, Deceased, and
PAULINE PIPITONE, Individually,

                                         Plaintiff,          **Case No. 06-CV-145**

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, STEPHEN CARACAPPA
(A retired member of the New York City Police
Department) and LOUIS EPPOLITO (A retired
member of the New York City Police Department),

                                   Defendants,

======================================================

NOTICE OF MOTION, MOTION TO COMPROMISE
ACTION, ATTORNEY AFFIRMATION PROPOSED
COMPROMISE ORDER and CONSENT TO DISTRIBUTEE

======================================================

Law Offices of
LONGO & D'APICE, ESQS.
Attorneys for **Plaintiff**
PAULINE PIPITONE, as the Administrator, etc
26 Court Street, Suite 1700
Brooklyn, New York 11242
(718) 855-5684
**Our File No. N7783**

**PLEASE TAKE NOTICE**
       □   NOTICE OF ENTRY
that the within is a (certified) true copy of a                   duly
entered in the office of the clerk of the within named court on

       □   NOTICE OF SETTLEMENT
That an Order of which the within is a true copy will be presented for settlement to the
Hon.                          one of the judges of the within named
                     court, at
on                                         at          M

Dated: